## COMMONWEALTH *vs.* AARON E. LUSCOMB.

Essex. November 3. — 30, 1880. AMES & ENDICOTT, JJ., absent.

In an indictment charging the defendant with having in his custody and possession, with intent to sell.the same, "one pint of adulterated milk, to which milk water had been added," the allegation is descriptive, and is not supported by proof that the milk in question was adulterated by adding water to pure milk.

INDICTMENT on the St. of 1880, *c.* 209, alleging that the defendant, on June 3, 1880, at Lawrence, "had in his custody and possession 'one pint of adulterated milk, to which milk water had been added, with intent to sell the same in said Lawrence."

At the trial in the Superior Court, before *Brigham*, C. J., there was no question as to the possession of the milk by the defendant, and his intention to sell the same, as set forth in the indictment.

To show that the milk was adulterated, the government relied upon the evidence of a chemist, who testified that he had analyzed the milk, and found it to contain nine and four tenths per centum of milk solids and ninety and six tenths per centum of watery fluids; and that the adulteration was produced by adding water to pure milk, and there was no adulteration with any other foreign substance but water. This testimony was all the evidence introduced by the government to show the adulteration.

The defendant asked the judge to rule that there was a variance between the allegations of the indictment and the proof; and that the government was bound to prove, in order to sustain the indictment, that water had been added to milk already adulterated. But the judge refused so to rule; and the defendant excepted.

The defendant was then allowed to introduce evidence that the chemist had analyzed samples of milk taken from the same cow as the milk in question, and had found the milk to contain less than thirteen per centum of milk solids; and there was other evidence upon the question whether the milk was natural milk. The defendant contended that, if the milk in question was natural milk, he could not be convicted, even if it contained less than thirteen per centum of milk solids. But the judge ruled otherwise; and submitted the case to the jury, who returned a verdict of guilty; and the defendant alleged exceptions.

*W. S. Knox*, for the defendant.

*F. H. Gillett*, Assistant Attorney General, for the Commonwealth.

COLT, J. A penalty is provided by the St. of 1880, *c.* 209, § 3, for the offence of having in possession " adulterated milk, or milk to which water or any foreign substance has been added." A subsequent section of the same statute declares that, " in all prosecutions under this act, if the milk shall be shown upon analysis to contain more than eighty-seven per centum of watery fluid, or to contain less than thirteen per centum of milk solids,

it shall be deemed for the purposes of the act to be adul-
terated." § 7.

It is contended, on the part of the Commonwealth, that the
purpose of the act is to prevent the sale of milk which, when
analyzed, shall be found to fall below the required standard of
purity; and that all such milk is to be treated as adulterated,
without regard to what may have caused its inferior quality.
But assuming, without deciding, this to be the true construction,
the difficulty is, that, under the allegations in this indictment
and the evidence produced at the trial, the jury should have
been instructed that the defendant could not be properly con-
victed, if they were satisfied that the milk in question was as it
naturally came from the cow, although they should also find that
it fell below the legal standard in quality.

The allegation is, that the defendant had in his possession one
pint of adulterated milk "to which milk water had been added,"
with intent to sell the same. The language is obscure, but its
plain meaning is that the defendant had in his possession milk
which had been reduced in quality by adding water thereto.
The words "to which milk water had been added" were thus
made essentially descriptive of the article which the defendant
was alleged to have in his possession. They identify the charge,
and cannot be rejected as surplusage. The question is not
whether it was originally necessary to add these words, but
whether, having been added, they are so essentially descriptive
as to require to be proved. *Commonwealth* v. *Wellington*, 7 Al-
len, 299. *Commonwealth* v. *Pierce*, ante, 31.

*Exceptions sustained.*