COMMONWEALTH *vs.* JOHN KEENAN.

Suffolk. Feb. 5. — March 2, 1885. DEVENS, W. ALLEN, & COLBURN, JJ., absent.

A complaint under the Pub. Sts. c. 57, §§ 5, 9, alleging that the defendant, at a time and place named, had in his custody and possession a certain quantity, to wit, one pint, of adulterated milk, to wit, milk then and there containing less than thirteen per cent of milk solids, with intent then and there unlawfully to sell the same, is sufficient.

COMPLAINT to the Municipal Court of the city of Boston, under the Pub. Sts. *c.* 57, § 5, alleging that the defendant, at a time and place named, did have in his " custody and possession a certain quantity, to wit, one pint, of adulterated milk, to wit, milk then and there containing less than thirteen per cent of milk solids, with intent then and there unlawfully to sell the same."

In the Municipal Court, the defendant seasonably filed a motion to quash the complaint, assigning the following grounds therefor: " 1. It does not appear, in and by said complaint, in what manner, and by what means, said milk was adulterated. 2. It does not allege in which one of the three methods of adulteration mentioned in the Pub. Sts. *c.* 57, § 5, the milk was adulterated. 3. Because the charge is set forth in such vague, uncertain, and

general terms as to afford the defendant no proper information as to the exact nature of the offence with which he is charged." The motion was overruled; and the defendant was adjudged guilty.

In the Superior Court, on appeal, the defendant renewed his motion to quash. *Blodgett*, J., overruled the motion. The defendant was then tried, and found guilty; and alleged exceptions.

*C. F. Donnelly*, for the defendant.

*H. N. Shepard*, Assistant Attorney General, for the Commonwealth.

MORTON, C. J. The statute provides that no person shall sell, or have in his possession with intent to sell, "adulterated milk, or milk to which water or any foreign substance has been added, or milk produced from cows fed on the refuse of distilleries, or from sick or diseased cows." Pub. Sts. *c.* 57, § 5.

Section 9 provides that, "in all prosecutions under this chapter, if the milk is shown upon analysis to contain more than eighty-seven per cent of watery fluid, or to contain less than thirteen per cent of milk solids, it shall be deemed for the purposes of this chapter to be adulterated."

The word "or" in § 5 is not used in the sense of "to wit," as contended by the defendant, but the section describes several offences, its purpose being to prohibit the sale of impure milk and of milk of an inferior quality. This was recognized in *Commonwealth* v. *Luscomb*, 130 Mass. 42, where the allegation of the indictment was, that the defendant had in his possession, with intent to sell, "adulterated milk, to which milk water had been added." It was held that the words "to which milk water had been added" were descriptive of the offence charged, and must be proved, and that it was erroneous to rule that under this allegation the defendant could be convicted if the milk was as it naturally came from the cow, because it contained less than thirteen per cent of milk solids.

As was said in *Commonwealth* v. *Evans*, 132 Mass. 11, the intention of the Legislature, and the practical operation of the two sections we have cited, are to provide that it shall be unlawful to sell milk which from any cause contains less than thirteen per cent of milk solids.

This is the offence charged in the case at bar. The statute sets out all the elements of the offence; it is not necessary for the government to allege or prove the cause which reduced the quality of the milk below the legal standard, and the complaint, being substantially in the words of the statute, is sufficient.

The defendant's motion to quash was therefore rightly overruled. *Exceptions overruled.*