COMMONWEALTH *vs.* HARRISON G. A. BOWERS.

Suffolk.   Nov. 23, 1885. — Jan. 8, 1886.   DEVENS & GARDNER, JJ., absent.

A complaint, under the Pub. Sts. *c.* 57, § 5, alleging that the defendant, at a time and place named, had in his possession a certain quantity, to wit, one pint, of adulterated milk, to wit, milk containing less than thirteen per cent of milk solids, with intent then and there unlawfully to sell the same, is sufficient, without further alleging that the milk was analyzed, and found, on analysis, to contain less than thirteen per cent of milk solids.

At the trial of a complaint, under the Pub. Sts. *c.* 57, § 5, alleging that the defendant had in his possession adulterated milk, to wit, milk containing less than thirteen per cent of milk solids, with intent to sell the same, it is immaterial in what manner the quantity of milk solids has been reduced below thirteen per cent, if the intent is to sell the milk as pure milk, and not as skimmed milk.

COMPLAINT to the Municipal Court of the city of Boston, under the Pub. Sts. c. 57, § 5, alleging that the defendant, on April 9, 1885, at Boston, did have in his " possession a certain quantity, to wit, one pint, of adulterated milk, to wit, milk

containing less than thirteen per cent of milk solids, with intent then and there . . . . unlawfully to sell the same."

In the Superior Court, before the jury were empanelled, the defendant moved to quash the complaint, because "it is not alleged therein that the milk was analyzed, and found, on analysis, to contain less than thirteen per cent of milk solids." This motion was overruled; and the defendant excepted.

At the trial, before *Aldrich*, J., the government introduced evidence tending to show that the milk was shown by analysis to contain but eleven and ninety-four hundredths per cent of milk solids, of which one and twenty-eight hundredths per cent was fat, and the residue, ten and sixty-six hundredths, solids not fat; and that this latter amount was the normal, and rather more than the normal, amount of solids not fat found in good milk, but that the normal amount of fat in good milk is three per cent.

There was some evidence besides the analysis tending to show that some foreign substance had been added to the milk.

The defendant asked the judge to instruct the jury that, if they found the milk to contain less than thirteen per cent of milk solids, solely on account of a removal of a portion of the cream, they could not find the defendant guilty on this complaint.

The judge declined to give this instruction, but submitted the case to the jury under instructions not excepted to.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*J. D. Thomson*, for the defendant.

*H. N. Shepard*, Assistant Attorney General, for the Commonwealth.

FIELD, J. The complaint is in form like that which was held sufficient in *Commonwealth* v. *Keenan*, 139 Mass. 193.

The offence charged consists in the defendant's having in his possession, with intent to sell, milk which contained less than thirteen per cent of milk solids. That this fact is shown by analysis is a matter of proof, but it is not a constituent element of the offence that there was an analysis, and it need not be alleged in the complaint. The motion to quash was rightly overruled.

It is immaterial in what manner the quantity of milk solids has been reduced below thirteen per cent, if the intent is to sell the milk as pure milk, and not as skimmed milk.   Pub. Sts. *c.* 57, §§ 6, 7.   The instruction requested was rightly refused.

*Exceptions overruled.*