COMMONWEALTH *vs.* ALBERT B. MORGAN.

Middlesex.    April 1, 1889. — May 11, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Intoxicating Liquors — Complaint — " Mixed Liquor " — Variance.*

A complaint on the Pub. Sts. c. 100, §§ 1, 27, as amended by the St. of 1888, c. 219, § 1, alleging the unlawful sale of "a quantity of intoxicating liquor, mixed liquor, a part of which is intoxicating," is supported by proof of a sale of whiskey.

At the trial of such a complaint, the evidence of the government was that the article sold was whiskey ; but the defendant introduced evidence that it was a mixture containing whiskey and other ingredients, and was to be used as a liniment or wash, and not as an intoxicating drink. The presiding judge refused to rule, as requested by the defendant, that the government was obliged to prove the sale of an intoxicating mixture, that there was a variance between the government's evidence and the complaint, and that there was no evidence to support the complaint. *Held,* that the defendant had no ground of exception.

COMPLAINT alleging that the defendant, on July 23, 1888, at Malden, " did sell to one Margaret McDonald a quantity of intoxicating liquor, mixed liquor, a part of which is intoxicating, he, the said Albert B. Morgan, not being authorized to sell the same."

At the trial in the Superior Court, before *Brigham,* C. J., the government offered evidence tending to show that on July 23, 1888, the defendant sold to Margaret McDonald a bottle containing a liquid of some kind, which smelled and tasted like whiskey.

The defendant offered evidence tending to show that he was an apothecary in Malden, and that the article sold by him to Margaret McDonald on the day in question was a mixture containing the following ingredients, viz. one ounce of alum, one half-ounce of tincture of iodine, eight ounces elixir of calisaya,

and seven and one half ounces of whiskey; and that the mixture was sold as a liniment or wash, and that it could not be used as an intoxicating drink.

At the close of the defendant's evidence, the district attorney admitted that, if the article sold contained the ingredients above named, the mixture could not be used as an intoxicating drink; but offered no evidence in behalf of the Commonwealth to show that the article sold by the defendant was not a mixture, or, if it was a mixture, that the ingredients were in any respect different from those named in the defendant's evidence.

The defendant requested the judge to rule, that under the complaint the government was obliged to prove a sale of an intoxicating mixture; that there was a variance between the evidence of the government and the complaint; and that there was no evidence to support the complaint. The judge declined so to rule, and submitted the case to the jury, upon instructions not excepted to, but which did not include the ruling requested.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*W. Schofield*, for the defendant.

*A. J. Waterman*, Attorney General, *& H. A. Wyman*, Second Assistant Attorney General, for the Commonwealth.

FIELD, J. The complaint charges the defendant with selling, on July 23, 1888, " a quantity of intoxicating liquor, mixed liquor, a part of which is intoxicating," etc. There was evidence for the jury that the liquor sold was whiskey, and the jury must have so found. This complaint in its phraseology imperfectly follows complaints drawn under statutes which have been repealed. *Commonwealth* v. *Leonard*, 11 Gray, 458. *Commonwealth* v. *Burns*, 9 Gray, 287. *Commonwealth* v. *White*, 10 Met. 14. Rev. Sts. c. 47, § 2. St. 1850, c. 232, § 1. St. 1855, c. 215, § 15. The charge of selling mixed liquors, a part of which is intoxicating, is inappropriate in a complaint under the Pub. Sts. c. 100, §§ 1, 27, and the St. of 1888, c. 219, § 1.

If the complaint could be construed as charging a sale of intoxicating liquor, and of mixed liquor, a part of which is intoxicating, it would be supported by proof of the sale of any intoxicating liquor, because it is necessary to prove only so

much of the charge as constitutes a substantive offence. *Commonwealth* v. *Leonard*, 11 Gray, 458. It is argued, however, that the complaint cannot be so construed, and that the phrase "mixed liquor, a part of which is intoxicating," must be taken as restrictive of the general words preceding it, and as a specification of the kind of intoxicating liquor alleged to have been sold; and we think that, if the phrase has any meaning, this is the true construction of the complaint. It may be assumed that, if the complaint had charged the defendant with selling intoxicating liquor, to wit, gin, it could not be supported by proof of a sale of whiskey, because the two are different kinds of intoxicating liquor, and a specification intended to restrict the meaning of general words in the description of a criminal act cannot be rejected as surplusage. *Commonwealth* v. *Luscomb*, 130 Mass. 42.

But it is a matter of common knowledge, that alcohol is the intoxicating element in intoxicating liquor; that pure alcohol is not used as a beverage; and that all intoxicating liquors that are so used contain alcohol mingled with other things, particularly with water. Whiskey is alcohol mingled with water and other elements, of which the alcohol alone is intoxicating. In *Commonwealth* v. *White*, *ubi supra*, the indictment was under the Rev. Sts. c. 47, § 2, and charged the defendant with selling "one gill of spirituous liquor," etc. The proof was that the liquor sold was "in the form of gin and brandy, mixed with sugar and water, so as to make what is called toddy or sling." The Rev. Sts. c. 47, § 2, provided that, "if any person shall sell any wine or spirituous liquor, or any mixed liquor, part of which is spirituous, . . . without being duly licensed, . . . he shall forfeit for each offence twenty dollars." The objection taken was that the proof did not show a sale of spirituous liquor, but only a sale of mixed liquor, part of which was spirituous. The objection was overruled, on the ground that, although the article sold might have been properly described as a mixed liquor, part of which was spirituous, it was also well described as spirituous liquor.

The words "mixed liquor, a part of which is intoxicating," do not properly describe any well known kind of intoxicating liquor, but they are not inconsistent with the general words

" intoxicating liquor," and the whole description in the com-- plaint in the case at bar, we think, would be satisfied by any of the well known forms of distilled spirits which are used as a beverage, and which contain alcohol mingled with water and other substances. The instructions given were not excepted to, and are not set out in the exceptions, but it must be taken that they were, in substance, that proof of a sale of whiskey would satisfy the complaint, and that it was not necessary to prove that the liquor sold was an intoxicating mixture in any such sense as would exclude whiskey.

We are not satisfied that the defendant has been aggrieved by the refusal of the court to give the rulings requested.

*Exceptions overruled.*