MOOREHEAD *v.* STATE OF INDIANA.

[No. 25,421.   Filed January 2, 1933.]

*Frank A. Symmes, Garth B. Melson,* and *Donald F. Lafuze,* for appellant.

*Arthur L. Gilliom,* Attorney-General, and *Harry L. Gause,* Deputy Attorney-General, for the State.

TRAVIS, J.—Appellant was charged by indictment with the public offense of transporting intoxicating liquor in

an automobile in Marion County, Indiana. Acts 1925, Ch. 48, §7; §2720 Burns 1926.

The court, to which the case was tried, found appellant guilty as charged and adjudged that he be fined one hundred dollars ($100) and be imprisoned in the Indiana Reformatory for a term of not less than one, nor more than two years.

The error presented is the action of the court overruling appellant's motion for a new trial.

Two deputy sheriffs were near Augusta, Marion County, on the Michigan road in the afternoon, and while there appellant and a companion drove a Studebaker automobile through Augusta, and past the public school when children were leaving the school, and some of whom were on the Michigan road, at a speed between 60 and 70 miles per hour. The officers followed the sedan and came up to it and appellant stopped, and placed appellant under arrest for "speeding," and thereafter filed an affidavit in the Municipal Court of Marion County, which charged the offense of "speeding," which charge was thereafter dismissed. Appellant was driving the automobile, and after he stopped at the command of the officer, he opened the door. When appellant opened the door of the automobile, the officer smelled alcohol, and then asked appellant how much was in the automobile, to which appellant made no reply. The officer asked him again and he replied, "I have got one hundred and twenty-five gallons." The officer asked appellant if it was sugar or grain alcohol; he replied that it was sugar alcohol. Appellant, in answer to the officer's question, said he did not know the speed laws of this state, but admitted he was driving at a speed of sixty to seventy miles per hour. When appellant alighted from his automobile, the officers saw two pistols lying in view on the seat. Then the officers searched both

appellant and his companion and found ammunition in their pockets. The officers "made no search of the car at all." Appellant told the officers that he purchased the alcohol in Chicago and was transporting it to Louisville.

The point is made that the evidence is not sufficient to sustain the finding because it was obtained by means of an unlawful search and seizure. The automobile was not searched and the evidence does not show that any of the alcohol was seized. The only evidence that the liquor, which appellant admitted he was transporting, was alcohol was his admission to the officers. This evidence is not challenged. The further point is made that the arrest of appellant was illegal, because without probable cause, which is based upon the dismissal of the charge of "speeding." This point could have relation only to a search without a warrant to search or a warrant to arrest. The evidence that the automobile was not searched answers the question made by the point. Appellant says that the arrest was illegal and that, because of such illegal arrest, the evidence obtained, which included the written and signed statement by appellant, are incompetent as evidence. We are of the opinion that the arrest of appellant because of the admitted driving of the automobile at more than sixty miles per hour past the school house, from which school children were then emerging, and that some of the school children were proceeding on their way along the public highway upon which appellant was driving, was legal. Thereafter, when appellant had stopped the automobile at the command of the officer and confessed that he was carrying in his automobile one hundred and twenty-five gallons of sugar alcohol, his further arrest for transporting intoxicating liquor was legal.

The uncontradicted evidence is, that the one hundred

and twenty-five gallons of liquid which appellant was transporting in his automobile is sugar alcohol. Appellant's proposition is that proof that he transported sugar alcohol is insufficient. There was no evidence that sugar alcohol was a liquor reasonably likely or intended to be used as a beverage. (§2, Ch. 48, Acts 1925.) The court does not take judicial notice that sugar alcohol is an intoxicating liquor. However, the court does know of facts which the general public knows without legal proof. It is a matter of common knowelge that alcohol is the essential element in all spirituous intoxicating liquors. Alcohol, which is of that particular chemical formula known as ethyl alcohol, has but one source, that is, from the fermentation of sugar. Alcohol, known in common parlance as grain alcohol, comes from the fermentation of sugar. The sugar is the result of chemical change of the starch in the grain which is turned into sugar and afterwards partly into ethyl alcohol. It is also a matter of common knowledge that alcohol is not the product of distillation, but is produced solely from fermentation. Distillation is for the mere purpose of separating the spirit of alcohol from the malt mixture, whatever it may be, in which the alcohol exists. *Commonwealth* v. *Morgan* (1889), 149 Mass. 314, 316, 21 N. E. 369; *State* v. *Giersch* (1887), 98 N. C. 720, 723, 4 S. E. 193. The fact as established by evidence that the liquor was sugar alcohol and that sugar alcohol, as a matter of common knowledge, is the intoxicating agent in all malt and spirituous liquors, it follows that the evidence is sufficient to sustain the finding of the court that the appellant is guilty of transporting intoxicating liquor.

Judgment affirmed.