*Northern District*
A.D. No. 5802
CLYDE EVERETT EQUIPMENT COMPANY
v.
NORMAN B. SANDERSON d/b/a et al
April 1, 1964

*Present*: Brooks, P. J., Eno & Connolly, JJ.

Case tried to *Whitney, J.* in the Fourth District Court of Eastern Middlesex. No. 1353 of 1962.

*Eno, J.* This is a petition for sale of personal property to enforce lien under G. L. c. 255, §26, in which the "Petitioner", Clyde Everett Equipment Company, seeks a lien upon an International Crawler Tractor, Model T-D-24, Serial No. 3819, Engine No. 3966 with P-29 winch and cable Bulldozer, hereinafter referred to as "Tractor", in amount of $3174.26, which Norman B. "Sanderson" on or about February 4, 1960, placed with it for repairs. The "Petitioner" made a written demand for payment on "Sanderson" by mailing a letter postpaid to him at his residence address, 555 Pond Street, Franklin, Massachusetts. More than 60 day have elapsed since this mailing and no payment or offer of payment was received. "Smith" of Watertown, Massachusetts claims to be the owner of "Tractor" and entitled to its possession discharged of any lien.

The answer of "Smith" is a general denial, denial of the corporate existence of "Petitioner" with demand for proof, and that the "Tractor" is owned by "Smith" and was not placed in "Petitioner's" care with the express or implied permission of "Smith", nor with its knowledge or consent for any repairs, and that "Smith" had no knowledge of any repairs and gave no consent for the making of any repairs, and that "Petitioner" is not entitled to a lien chargeable to "Smith" or to its "Tractor". That "Smith" was never

notified that "Petitioner" had the "Tractor" for repairs and never received from "Smith" any authorization to make repairs, and "Smith" was never orally or in writing requested or demanded that it make payment to "Petitioner" for such repairs. "Smith" asked for a dismissal of the petition and for return of the "Tractor" free of lien or charges.

The trial judge made the following findings of facts which appear to be undisputed:

"The petitioner is a Massachusetts Corporation with its principal and usual place of business in Burlington, Mass.

"On December 5, 1959, the respondent, Norman B. Sanderson, leased from C. C. Smith Company, Inc. certain equipment including an International Crawler Tractor Model T-D-24 Serial Number 3819, Engine Number 3966, hereinafter referred to as "the Tractor" under the terms of a written rental agreement introduced in evidence at the trial.

"The respondent Norman B. Sanderson proceeded to use the tractor in his construction business.

"On February 4, 1960 the respondent Norman B. Sanderson brought the tractor to the petitioner's place of business in Burlington for repairs. He did not inform any of the petitioner's agents or employees that it was a leased tractor.

"The petitioner's employees, believing that the tractor was the property of the respondent, Norman B. Sanderson, proceeded to make repairs on the tractor. In the course of so doing, the petitioner

expended labor, material and parts totaling in value to the amount of $3,174.26.

"At the time the respondent Norman B. Sanderson delivered the tractor to the petitioner he was not in arrears with respect to his rental agreement with the other respondent and there was no breach of said agreement at the time of the delivery.

"On March 21, 1960 the petitioner mailed a demand in writing for the said amount to the respondent Norman B. Sanderson to his home address, 555 Pond Street, Franklin, Mass. The letter contained a statement that payment must be paid before the tractor would be returned to the said respondent. The respondent Norman B. Sanderson received this letter within a few days after March 21, 1960.

"The respondent Norman B. Sanderson has never paid any part of the said $3,174.26 to the petitioner and neither has the respondent, C. C. Smith Company, Inc.

"The respondent C. C. Smith Co., Inc. was not notified by the other respondent that the latter had placed the tractor with the petitioner for repairs.

"Subsequent to all of the above the petitioner placed its claim against the respondent Norman B. Sanderson in the hands of its attorney for collection. The petitioner later discovered that the respondent C. C. Smith Co., Inc. was the owner of the tractor and the respondent C. C. Smith Co., Inc. learned that the tractor was in the possession of the petitioner."

The respondent C. C. Smith Company,

Inc., duly filed the following requests for rulings which the trial judge denied:

1. The evidence warrants a finding for C. C. Smith Company, Incorporated. (*Denied*)

2. The evidence does not warrant a finding for the plaintiff against C. C. Smith Company, Incorporated. (*Denied*)

3. Since the tractor referred to in the Petition for Sale was owned by C. C. Smith Company, Incorporated at the time the plaintiff claims that its lien attached, and said tractor was not placed with the plaintiff for repairs by C. C. Smith Company, Incorporated, or by anyone in its behalf or with its express or implied permission, the plaintiff's claim of lien on said tractor must fail. (*Denied*)

5. The fact that Norman B. Sanderson ordered repairs to the tractor to be made by the plaintiff may subject him to personal liability for same but does not subject C. C. Smith Company, Incorporated or its tractor to liability for the same since there is lacking a contract, express or implied, with C. C. Smith Company, Incorporated, the owner of the tractor, and since the repairs to the tractor were not made with the consent of its owner, C. C. Smith Company, Incorporated. (*The respondent C. C. Smith Co., Inc. is not liable to the petitioner for the debt involved but the petitioner is entitled to enforce its lien*).

6. The plaintiff does not have a lien upon the tractor for repairs made to it by order of Norman B. Sanderson. (*Denied*)

7. The plaintiff has failed to prove a demand upon C. C. Smith Company, Incorporated for payment of charges, and hence its petition must fail. (*Denied*)

8. The plaintiff does not have a common law lien for repairs against C. C. Smith Company, Incorporated or against said tractor under the circumstances of this case. (*Denied*)

9. C. C. Smith Company, Incorporated, having legal title to the tractor and not making the bailment nor consenting to it, the plaintiff's possession is not therefore in consequence of the acts of C. C. Smith Company, Incorporated or for which it is responsible. Restatement of the law (Security-Possessory Liens), Chapter 2, Section 75, Page 209. (*No request for ruling contained therein*).

10. The plaintiff is not entitled to enforce its lien under G. L. c. 255, §§26, 27 and 29 for the reasons: (*Denied*)

(a)   There is lacking a contract, express or implied, with C. C. Smith Company, Incorporated, the owner of the tractor;

(b)   No written demand was made upon C. C. Smith Company, Incorporated by the plaintiff for payment;

(c)   The Petition was not filed in a District Court within the jurisdiction of which the petitioner resides or has its usual place of business, for an order for the sale of the tractor in satisfaction of the debt;

(d)   Repairs to the tractor were not with the

consent of its owner C. C. Smith Company, Inc.

The trial judge allowed its request for rulings numbered 4:

"4. C. C. Smith Company, Incorporated, being the owner of the tractor, and Norman B. Sanderson renting it from C. C. Smith Company, Incorporated on a rental payment basis, did not authorize Norman B. Sanderson, expressly or impliedly, to incur repairs to the tractor or subject the tractor to a lien under G. L. c. 255, §26. (*Allowed*)

and found that the "Petitioner" has a lien on the "Tractor" for money due it in the amount of $3174.26 on account of work and labor and materials expended on the "Tractor" under a contract with "Sanderson".

Both counsel have ably argued this case at the hearing before us and have submitted excellent briefs.

The decision depends on the interpretation of the word "or" in G. L. c. 255, §35:

**Priority between Lien of Vendee's or Lessee's Bailee and Vendor or Lessor.**

As against a conditional vendor or lessor, or person claiming under him, the lien of a bailee of the vendee or lessee or person claiming under him on property exceeding twenty dollars in value, for consideration furnished, without actual notice of the conditional sale or lease, shall prevail; except that the lien of such a bailee on property delivered to him subsequent to the breach of a condition of the sale or lease shall not prevail if the conditional vendor or lessor or person claiming under him makes demand in writing on the bailee for

the property within ninety days from the date of the bailment. (1920, 590, s. 7; 1938, 83, s. 1.)

Is the word "or" to be interpreted in the conjective sense qualifying both the words "vendor" and "lessor", to be read as meaning a *"conditional lessor"* as well as a *"conditional vendor"*, or is it to be interpreted in the disjunctive sense making an alternative corresponding to "either" of the two.

The difficulty here is that "or" is used sometimes in the conjunctive and sometimes in the disjunctive sense, so that we are not helped by the definition given by G. L. c. 4, §6, cl. 3 that "[W]ords and phrases shall be construed according to the common and approved usage of the language" 67 C.J.S. p. 512, foot notes 39 and 42.

It was even said in *Harris v. Parker*, 41 Ala. 604, 615 that "there is no word in the English language more difficult to define, or of more equivocal import, than the mono-syllable *'or'."*

But the word "or" in its ordinary use and also in accurate meaning is a disjunctive participle. It marks an alternative and not a conjunctive. It indicates one or the other of two or several persons, things or situations and not a combination of them. *Gaynor's Case*, 217 Mass. 86, at 90.

It is construed as having a different meaning only when the context and the main purpose to be accomplished by all the words used seems to demand it. In *Commonwealth v. Keenan*, 139 Mass. 193, at 194, the word

"or" was held to describe several offenses, when used in a criminal statute covering several situations. In *Galvin v. Parker,* 154 Mass. 346, at 346, the question involving an "owner or keeper" of a dog, it was held that the action could be maintained against one or the other, "but not against the owner and keeper jointly or severally, or to make them liable as independent wrongdoers, the owner for owning and the keeper for keeping the dog" nor "it does not seem probable that the Legislature, when it provided that the 'owner, tenant or occupant' of a gaming house should be liable to an action, intended without anything more a joint or successive liability".

No case has been cited to us or found directly in point.

Did the Legislature in enacting the above section of the General Laws intend to include an ordinary lessor or only a *conditional lessor?*

In reading the statute it would appear that both the words "vendor or lessor" refer to only one person, since immediately following are the words "or person claiming under him". If it was intended to refer to two separate persons we think the words "or person claiming under *either of them*" instead of "under him" would have been used.

The rest of the section seems to exempt from a lien property delivered after a breach of a condition of the lease, if a demand is made by the vendor or lessor as provided therein. It seems also that an owner, who is not mentioned in that section, loans property

to another would be exempt from a lien thereon if repairs are made without his knowledge or consent.

We cannot see much difference between an owner or lessor. In both instances the property belongs to him and the person to whom the property is loaned or leased has no right to bind the owner for any repairs made on it without the latter's consent.

We are of the opinion, therefore, that the word "conditional" applies to a "lessor" and that the petitioner has no lien against the respondent Smith for the repairs made on its tractor without its knowledge or consent.

It was prejudicial error to deny its requests for rulings numbered 2, 3, 5, 6, 8, 9, and 10 and the finding of the trial judge is reversed and a new finding is to be entered that the petitioner has no lien on said tractor.

Joseph A. McVeigh, of Boston, for the Plaintiff.
Joesph E. Levine, of Boston, for the Defendant.