STATE of Indiana, Plaintiff-Appellant,

v.

Mark C. BLAKE, Defendant-Appellee.

No. 1–284A59.

Court of Appeals of Indiana,
First District.

Sept. 17, 1984.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for plaintiff-appellant.

NEAL, Presiding Judge.

## STATEMENT OF THE CASE

Plaintiff-appellant, State of Indiana, appeals from a judgment of the Putnam County Court granting defendant-appellee, Mark C. Blake's motion to suppress all evidence obtained by a police officer pursuant to his arrest of Blake on charges of resisting law enforcement and driving while intoxicated.

## STATEMENT OF THE FACTS

At approximately 3:30 a.m. on September 14, 1983 Sergeant Darrell Jones (Jones) of the Cloverdale, Indiana Police Department clocked with his radar an automobile traveling 74 miles per hour in a 55 miles per hour zone. Jones pursued this vehicle, allegedly turning on his siren and red flashing lights in an attempt to stop the car. The automobile then increased its speed until it was moving in excess of 90 miles per hour. Jones radioed for assistance and followed the car into a trailer park near Greencastle, Indiana. Jones says he turned off his lights and siren at this point, both because of the late hour and so as not to alert the occupants of the automobile that he was so near, fearing they would attempt to flee on foot. Jones parked behind the suspect car and observed its occupants exiting the vehicle as he got out of his squad car. Jones ordered the five men to stop. However, Blake, who had been in the driver's seat, disregarded Jones and entered a nearby trailer which was his home. Jones then went to the door of this mobile home and commanded Blake to come outside. When no response was forthcoming, Jones entered the mobile home and arrested Blake for resisting law enforcement. Jones then handcuffed Blake and took him back outside where three of the men had remained. One man had fled on foot. Jones proceeded to examine the vehicle registration of the car, which was Blake's, and asked the group who had been driving the car. Jones noticed an open bottle of whiskey in the car and the smell of alcohol on Blake's breath. A chemical test administered to Blake by Jones registered an .18% blood alcohol content and Jones then charged Blake with operating a motor vehicle while intoxicated. Blake also received a traffic citation for speeding.

Blake filed a motion to suppress the results of the breathalyzer and all other evidence obtained after his arrest for the reason that Jones entered private property without a warrant or justification in order to effect Blake's arrest. The trial court granted Blake's motion to suppress and made the following relevant findings of fact and conclusions of law:

"... Defendant's Motion to Suppress Evidence is granted based on the following:

A. That Officer Jones observed a car speeding north on U.S. 231 and attempted to stop it with his lights and siren;

B. That Officer Jones had probable cause to believe that the car's driver was fleeing when it did not pull over;

C. That all the young men in the car had been drinking, at least one was asleep and one ill, which explains the discrepancies in the statements about whether the lights and siren were activated;

D. That when Jones pulled up behind the defendant's car at a trailer, he saw the young men exiting the car;

E. That on the basis of Jones' own testimony that *after* he had arrested the defendant he asked the group who was driving the car, the Court finds that he had only a suspicion that the person entering the trailer was the driver and should have investigated further, but did not have probable cause to enter the trailer and arrest the defendant."

## ISSUES

The State raises one issue: whether the trial court's ruling on Blake's motion to suppress is contrary to the evidence and contrary to law, and thus erroneous.

## DISCUSSION AND DECISION

■ The trial court's decision to grant Blake's motion to suppress in this case has the ultimate effect of precluding further prosecution of the charge of operating a motor vehicle while intoxicated. Therefore, the matter is reviewable by this court pursuant to IND.CODE 35-38-4-2(5). *See State v. Williams*, (1983) Ind.App., 445 N.E.2d 582; *State v. Tindell*, (1980) 272 Ind. 479, 399 N.E.2d 746. The State is appealing from a negative judgment, where it had the burden of proving Jones' arrest of Blake came within one of the exceptions to the warrant requirement, and thus must show the trial court's ruling was contrary to law. *Thomas v. State*, (1981) Ind., 420 N.E.2d 1216. We will accept the trial court's findings of fact and conclusions of

law unless clearly erroneous, and will reverse the judgment only where the uncontradicted evidence will support no reasonable inference in favor of the ruling. *See Thomas, Id.; Merchants National Bank & Trust Company of Indianapolis v. H.L.C. Enterprises, Inc.*, (1982) Ind.App., 441 N.E.2d 509; Ind. Rules of Procedure, Trial Rule 52(A).

■ The trial court found that Jones had probable cause to believe the driver of Blake's car was fleeing when he did not stop in response to Jones' lights and siren. Such behavior is chargeable as resisting law enforcement, and constitutes a Class A misdemeanor. IND. CODE 35-44-3-3. A warrantless arrest is authorized where a misdemeanor is committed in the presence of the arresting officer. IND. CODE 35-33-1-1(4); *Works v. State*, (1977) 266 Ind. 250, 362 N.E.2d 144. Thus, when Jones' attempt to pull Blake's car over for speeding was thwarted by the driver's increase in speed and apparent attempt to escape from his police pursuer, Jones could legally arrest him for resisting law enforcement without first obtaining an arrest warrant. The subsequent charge of DUI, based on evidence gathered incident to Blake's arrest for resisting law enforcement would also be proper, if that first arrest was lawful. *See Rucker v. State*, (1948) 225 Ind. 636, 77 N.E.2d 355; *Moorehead v. State*, (1933) 204 Ind. 307, 183 N.E. 801. The sole question we must decide is whether Jones had probable cause to believe Blake had been the driver of his car when Jones had pursued it, at the time of his initial arrest. We believe the uncontroverted evidence supports a finding of probable cause, and that Jones rightfully entered Blake's trailer in order to arrest him.

■ Probable cause is said to exist when, at the time of an arrest, the arresting officer has knowledge of facts and circumstances which would warrant a reasonably cautious and prudent man to believe the suspect committed the criminal act in question. *Craig v. State*, (1983) Ind., 452 N.E.2d 921. Jones testified he ob-

served Blake exit from the driver's position of his car. As a factual and practical matter, one using his sensory perception would logically conclude Blake had been driving the car. *See Groff v. State*, (1981) Ind. App., 415 N.E.2d 721, 726; *Kissinger v. State*, (1974) 161 Ind.App. 303, 315 N.E.2d 423. The information known by the arresting officer need not be sufficient to establish guilt, and may even be erroneous, yet be sufficient to support a warrantless arrest. *O'Hara v. State*, (1975) 165 Ind.App. 11, 330 N.E.2d 396; *Thurman v. State*, (1974) 162 Ind.App. 267, 319 N.E.2d 151. Here, Blake admitted he was in fact the driver of the car. That Jones sought positive reassurance of this following Blake's arrest does not change the existence of probable cause to arrest. *See Thurman, Id.* Regardless of whether or not Blake had been driving, his flight into the mobile home following Jones' order to stop in and of itself constitutes resisting law enforcement. The elements of that crime are (a) knowingly or intentionally (b) fleeing from a law enforcement officer after the officer has, by audible or visible means, identified himself and ordered the person to stop. IND. CODE 35–44–3–3. The uncontroverted evidence is that Jones was in uniform and driving a marked car, that he did order the occupants of the car to stop at least once, and that he again yelled to Blake inside the trailer before entering it. Jones had probable cause to believe Blake was fleeing from him, and therefore to arrest him without a warrant.

■ Although we find no Indiana case directly on point, an examination of similar cases in other jurisdictions convinces us that Jones was also justified in entering Blake's mobile home in order to arrest him. A warrantless in-home arrest is not valid without probable cause and exigent circumstances making it impractical to first procure an arrest warrant. *Harrision v. State*, (1981) Ind.App., 424 N.E.2d 1065. Traditionally, exigent circumstances have been found to exist when "(1) a suspect is fleeing or likely to take flight to escape arrest or ... (3) in cases involving hot pursuit or moveable vehicles". *Pawloski*

*v. State*, (1978) 269 Ind. 350, 380 N.E.2d 1230, 1233; *See United States v. Williams*, (3rd Cir.1979) 612 F.2d 735.

■ Although this case does not fall within the usual fresh pursuit situation covered by IND. CODE 35–33–3, the Uniform Act on Fresh Pursuit, there is precedent supporting a common law doctrine of fresh pursuit following the occurrence of a misdemeanor. *See Gattus v. State*, (1954) 204 Md. 589, 105 A.2d 661; IND. CODE 35–33–3–5. In the present case Jones was in "immediate and continuous pursuit ... from the scene of the crime" *Welsh v. Wisconsin*, —— U.S. ——, 104 S.Ct. 2091, 2099, 80 L.Ed.2d 732, which began as a speeding violation and developed into the jailable offense of resisting law enforcement. *See* IND. CODE 35–44–3–3. Jones had good reason to believe Blake and the remaining occupants of the car would continue their flight if he left the site to procure an arrest warrant. Therefore, Jones' pursuit of Blake into his home in order to apprehend him without a warrant, based on probable cause to believe he was fleeing law enforcement, was justified. *See Banks v. State*, (1976) 265 Ind. 71, 351 N.E.2d 4.

This case is distinguishable from *Payton v. New York*, (1980) 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed.2d 639, which dealt with routine arrests made in the accused's home absent any exigent circumstances. *Welsh, supra,* can also be differentiated on its facts. In that case, police officers tracked the defendant from the license plate on his abandoned car and arrested him in his bed for driving under the influence, a non-jailable civil infraction in Wisconsin at that time. There was no observance of the defendant's driving and no fresh pursuit of him by the officers, since a lay witness informed the police of Welsh's erratic behavior.

Although the present fact situation presents a more resolute case in favor of a legal in-home warrantless arrest, we feel one theoretical aspect of *Welsh* should be discussed here. The majority states that the nature of the underlying offense is an

important factor to be considered in the calculation of exigent circumstances. However, we believe the opinion expressed by Justice White (with Justice Rehnquist joining) in his dissent proposes a more rational approach:

"The gravity of the underlying offense is, I concede, a factor to be considered in determining whether the delay that attends the warrant-issuance process will endanger officers or other persons. The seriousness of the offense with which a suspect may be charged also bears on the likelihood that he will flee and escape apprehension if not arrested immediately. But if, under all the circumstances of a particular case, an officer has probable cause to believe that the delay involved in procuring an arrest warrant will gravely endanger the officer or other persons or will result in the suspect's escape, I perceive no reason to disregard those exigencies on the ground that the offense for which the suspect is sought is a "minor" one."

— U.S. ——, ——-——, 104 S.Ct. 2091, 2102–2103, 80 L.Ed.2d 732.

We need not go into the reasoning behind our support of Justice White, as he has eloquently stated those ideas in his opinion. Further, the Supreme Court as a majority in previous cases has supplied us with convincing arguments in favor of our decision.

In *United States v. Santana*, (1976) 427 U.S. 38, 96 S.Ct. 2406, 49 L.Ed.2d 300, a landmark case in this area, a woman was observed standing on her doorstop with a paper bag, later found to contain packets of heroin. The woman quickly retreated into her home upon spotting her observer, and was arrested there on charges of possessing heroin with intent to distribute it. In affirming the warrantless arrest and incidental search as legal, the court said, "... a suspect may not defeat an arrest which has been set in motion in a public place and is therefore proper under *Watson [United States v. Watson*, (1976) 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598, a warrantless arrest made in a public place with probable cause is legal] by the expedi-

ent of escaping to a private place". *Santana* at 43, 96 S.Ct. at 2409. A similar view has been expressed by the District of Columbia Court of Appeals in *Edwards v. United States*, (D.C.Ct. of App., 1976) 364 A.2d 1209, on rehearing, 379 A.2d 976. *See also United States v. Fleming*, (7th Cir. 1982) 677 F.2d 602.

A warrantless arrest for resisting arrest and a misdemeanor DUI witnessed by the arresting officer was approved in *State v. Penas*, (1978) 200 Neb. 387, 263 N.E.2d 835, where the defendant sought to avoid the officer pursuing him by running into his home. One last case on point is *State v. Niedermeyer*, (1981) 48 Or.App. 665, 617 P.2d 911, *cert.* denied 450 U.S. 1042, 101 S.Ct. 1761, 68 L.Ed.2d 239. There, state police clocked a car moving 78 miles per hour in a 50 miles per hour zone. The police turned on their overhead lights and pursued the car, signaling its driver to pull over. Instead, the driver slowed and took the next exit ramp off of the highway. The police followed, but as they pulled up behind the now stopped vehicle, that vehicle's driver sped off. The officers called in a report on the speeding vehicle and a local policeman in the area of the car owner's home staked out that location. One hour later, a car matching the description of the one which had evaded the state police pulled into the registered car owner's driveway and then into the garage. The local police followed the car into the driveway and then ran into the garage as the car's occupant ran into the house. The policemen yelled to the man from the garage, and when he came down the stairs the policemen forced the man to lie on the floor, then entered and searched his house. They held the man until the state troopers involved arrived and issued a speeding citation and charged the man with attempting to elude law enforcement, a Class A misdemeanor. All of the above was sanctioned by the appellate court as being done with probable cause and in hot pursuit. *See also State v. Wesson*, (1979) 40 Or.App. 99, 594 P.2d 429.

In summary, as indicated above, we are of the opinion that *Welsh, supra,* though delphic, does not hold that warrantless home arrests following continuous hot pursuit violate Fourth Amendment guarantees. We quote from that case:

> "The State attempts to justify the arrest by relying on the hot-pursuit doctrine, on the threat to public safety, and on the need to preserve evidence of the petitioner's blood alcohol level. *On the facts of this case, however, the claim of hot-pursuit is unconvincing because there was no immediate or continuous pursuit from the scene of a crime.*" (Emphasis added.)

*Welsh* 104 S.Ct. at 2099.

■ The antithesis of that statement is that where there is immediate or continuous pursuit from the scene of a misdemeanor crime to the door of the defendant's home a warrantless home arrest is permitted. Immediate and continuous pursuit exists here, but did not exist in *Welsh,* where all matters connected with the offense had come to rest, and even identification no longer depended upon pursuit and arrest, as it did here. Such a result is mandated by necessity and good sense. Law enforcement is not a child's game of prisoners base, or a contest, with apprehension and conviction depending upon whether the officer or defendant is the fleetest of foot. A police officer in continuous pursuit of a perpetrator of a crime committed in the officer's presence, be it a felony or a misdemeanor, must be allowed to follow the suspect into a private place, or the suspect's home if he chooses to flee there, and effect the arrest without a warrant. A contrary rule would encourage flight to avoid apprehension and identification, even at dangerously high speeds as here, with the natural destruction of evidence accomplished while the officer interrupted his pursuit to obtain a warrant. Probable cause existed to believe Blake was avoiding law enforcement, and immediate and continuous pursuit from the scene of the crime formed the exigent circumstance. Jones could rightfully enter Blake's mobile home to arrest him without a warrant. This cause is accordingly re-versed and remanded to the trial court with instructions that it deny Blake's motion to suppress and thus, allow the State to admit all evidence including the results of Blake's breathalyzer test made subsequent to his arrest.

Judgment reversed.

ROBERTSON and RATLIFF, JJ., concur.