Jeffrey L. LEPARD, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 17A03–8812–CR–381.

Court of Appeals of Indiana, Third District.

May 22, 1989.

Rehearing Denied Aug. 8, 1989.

Frederic L. Romero, Romero & Thonert, Auburn, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Defendant-appellant Jeffrey L. Lepard appeals his conviction for operating a vehicle while intoxicated, a Class A misdemeanor; resisting law enforcement, fleeing, a Class A misdemeanor; disorderly conduct, a Class B misdemeanor; resisting law enforcement, police officer, a Class A misdemeanor; and operating a vehicle while intoxicated having a previous conviction, a Class D felony.

Lepard presents the following issues for this Court's consideration:

(1) whether the trial court erred in denying Lepard's motion to suppress evidence; and

(2) whether the trial court erred in denying Lepard's requests for a directed verdict of acquittal.

The facts relevant to this appeal disclose that on June 19, 1987 Officer Thornsbearry observed Lepard on his motorcycle fail to come to a complete stop, disregard a traffic signal, turn right, go left of center and accelerate enough to bring the front end up off the road. Thornsbearry followed Lepard eight blocks attempting to obtain the license number. Thornsbearry never activated her lights or siren. Thornsbearry observed Lepard pull into a driveway so she parked across the street and approached Lepard in his driveway to discuss the traffic infractions. Thornsbearry asked for Lepard's operator's license and registration but Lepard refused. Thornsbearry informed Lepard that she had seen him commit traffic infractions. Thornsbe-

arry determined from Lepard's attitude, the smell of alcohol, and his weaving while standing that he was intoxicated. Thornsbearry pushed a button on her radio to request back-up. Lepard started walking towards the house and Thornsbearry asked him to stop but Lepard refused.

Sergeant Kaiser then arrived at the scene. Kaiser also requested Lepard to stop but Lepard responded by shouting obscenities. Lepard entered his house and Kaiser and Thornsbearry followed. Lepard told them to leave his house once again using vulgar language. Kaiser requested Lepard's license and registration several times but Lepard, responding with vulgarities, refused. Kaiser told Thornsbearry to radio for additional assistance and State Trooper Crabtree arrived. Lepard later produced his license and Thornsbearry ran a check on it.

Kaiser advised Lepard that he was under arrest for disorderly conduct and Lepard had to be restrained by all three officers to be handcuffed. Lepard was twice given an implied consent advisement but did not agree to take a breathalizer test.

Lepard was charged by Thornsbearry for operating a vehicle while intoxicated and resisting law enforcement. Kaiser charged Lepard with disorderly conduct and resisting law enforcement.

At trial appellant moved to suppress all evidence that was obtained from the officers' entry onto Lepard's premises and later into his home, which the trial court denied. After the State rested, Lepard renewed his motion to suppress which again was denied by the trial court. The trial court also denied Lepard's motions for a directed verdict.

### I.

■ A trial court's decision to deny the motion to suppress will be reviewed as a sufficiency matter, focusing on whether there is sufficient evidence of probative value to support the denial. In doing so, this Court will not reweigh the evidence or judge the credibility of witnesses. *Winegar v. State* (1983), Ind.App., 455 N.E.2d 398, 401.

Appellant contends that all evidence obtained after the police officers entered onto Lepard's premises and then into his house should have been suppressed since Lepard's constitutional rights were violated.

■ After Thornsbearry saw Lepard commit two traffic infractions, she continuously pursued him attempting to get a license number so that in the event that Lepard would flee when she activated her lights, the vehicle could be traced. However, Lepard pulled into his driveway before she could get the license number. Continuing her investigation into this situation, she followed him so that she could question him and obtain his identification. Lepard's constitutional rights were not violated by Thornsbearry's actions. Thornsbearry had a legitimate purpose for walking onto Lepard's premises. She wanted to ask him some questions about the traffic infractions she had witnessed. There is no rule that in furtherance of her duty to conduct a legitimate investigation into a situation she can only question a person in a public place. She has committed no constitutional violation by walking up to Lepard with the honest intent of asking questions of him.

■ After questioning and observing Lepard, Thornsbearry had probable cause to believe he was intoxicated and had committed the misdemeanor of driving while intoxicated in her view. When he proceeded into his house disregarding Thornsbearry's and Kaiser's requests to stop, the officers had probable cause to believe Lepard was fleeing which constituted the misdemeanor of resisting law enforcement.

■ Appellant argues that his constitutional rights were violated when the officers entered his house without a warrant. "A warrantless in-home arrest is not valid without probable cause and exigent circumstances making it impractical to first procure an arrest warrant. *Harrison v. State*, (1981) Ind.App., 424 N.E.2d 1065. Traditionally, exigent circumstances have been found to exist when '(1) a suspect is fleeing or likely to take flight to escape arrest or ... (3) in cases involv-

ing hot pursuit or moveable vehicles.' *Pawloski v. State*, (1978) 269 Ind. 350, 380 N.E.2d 1230, 1233; *see United States v. Williams*, (3rd Cir.1979) 612 F.2d 735."

*State v. Blake* (1984), Ind.App., 468 N.E.2d 548, 551.

The court in *Blake, supra*, 468 N.E.2d at 553 held that a police officer in continuous pursuit of a perpetrator of a crime committed in the officer's presence, be it a felony or a misdemeanor, must be allowed to follow a suspect into his home if he is fleeing there. The act of fleeing while being pursued by a police officer creates an exigent circumstance necessary to effectuate an in-home arrest.

There is immediate and continuous pursuit in this case. Two misdemeanors were committed in a police officer's view. There was no break in the chain of events. The officers had probable cause to believe Lepard was fleeing which created an exigent circumstance permitting them to enter his home. The trial court's order denying Lepard's motion to suppress is affirmed.

## II.

In reviewing denial of motion for judgment on evidence, Court of Appeals considers evidence most favorable to nonmoving party, along with all reasonable inferences therefrom, and if there is any probative evidence or reasonable inference to be drawn from evidence or if reasonable people would differ as to result, judgment on evidence is improper. *Northern Indiana Public Service Co. v. Stokes* (1986), Ind. App., 493 N.E.2d 175.

Appellant contends that there was insufficient evidence presented on the offenses for which he was charged, specifically operating a vehicle while intoxicated and disorderly conduct and his motions for directed verdict should have been granted.

█ Appellant complains that there was insufficient evidence of impairment to support his conviction of operating a vehicle while intoxicated.

A defendant is intoxicated if he is "under the influence of:

(1) alcohol;

(2) a controlled substance;

(3) any drug other than alcohol or a controlled substance; or

(4) any combination of alcohol, controlled substances, or drugs;

such that there is an impaired condition of thought and action and the loss of normal control of a person's faculties to such an extent as to endanger any person."

IND.CODE § 9–11–1–5 (1988 Ed.).

As this Court said in *State v. Krohn* (1988), Ind.App., 521 N.E.2d 374, at 377:

"The endangerment portion of the definition of 'intoxicated' does form an element of the offense and indicates the level of impairment and extent of lost faculties that must be shown to establish intoxication, and to obtain a conviction. However, the endangerment clause does not require that the State prove a person other than the defendant was actually in the path of the defendant's vehicle or in the same area to obtain a conviction. The trial court's interpretation of the statutes and the elements of the offense would require that the police and the State wait until the defendant comes within close proximity of a person before a conviction for operating a vehicle while intoxicated could be obtained. Such an interpretation of the elements, and of the offense of Operating a Vehicle While Intoxicated is contrary to the policies and purposes of Indiana's drunk driving laws. *Boyd v. State* (1988), Ind.App., 519 N.E.2d 182. ... [E]ndangerment can be established by showing evidence that defendant's condition or driving manner could have endangered any person. Thus, proof that the operator's condition renders driving unsafe is sufficient to establish endangerment. Furthermore, endangerment applies to any person including the public, the police, and the driver, regardless of proximity. Therefore, this court holds that the State does not have to prove that a person other than the driver was actually in the area to show endangerment, and the trial court erred in so finding...."

The evidence of (1) Lepard's disregarding a traffic signal; (2) crossing the center line; (3) accelerating such that the front wheel of the motorcycle lifted off the pavement; (4) Officer Thornsbearry's smelling the odor of alcohol from Lepard; (5) his weaving while standing; (6) his repeated use of vulgarities; (7) his physical resistance to the arrest; and (8) his violently kicking the door of his house after being arrested is sufficient to allow the issue of whether Lepard was impaired as a part of the offense of driving while intoxicated to go to the jury. Although appellant complains of no breathalizer results being in evidence, testimony of the officers revealed that Lepard refused to take a breathalizer test after being read the implied consent warning twice.

■ The offense of disorderly conduct is defined as:

"A person who recklessly, knowingly, or intentionally:

(1) engages in fighting or in tumultous conduct;

(2) makes unreasonable noise and continues to do so after being asked to stop; or

(3) disrupts a lawful assembly of persons;

commits disorderly conduct, a Class B misdemeanor."

IND.CODE § 35-45-1-3 (1988 Ed.). There is no statutory requirement that a person must disrupt a lawful assembly of persons or that his conduct must occur in a public place.

There was testimony by the officers that Lepard shouted obscenities to them several times. The testimony revealed that his heated shouting, yelling, and cursing continued through the arrest. Officer Kaiser testified that he asked Lepard to quiet down and attempted to settle him down several times to no avail.

There was sufficient evidence to send each issue to the jury and as such the trial court's denial of directed verdict should be affirmed.

Affirmed.

RATLIFF, C.J., concurs.

GARRARD, P.J., concurs in result.