**STATE of Indiana, Appellant (Plaintiff Below),**

**v.**

**Rosemarie SMITH, Appellee (Defendant Below).**

**No. 49A028909CR443.[1]**

Court of Appeals of Indiana, First District.

Nov. 26, 1990.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Office of Attorney General, Indianapolis, for appellant.

John G. Forbes, William N. Ivers, Stewart & Irwin, Indianapolis, for appellee.

ROBERTSON, Judge.

The State appeals the acquittal of defendant, Rosemarie Smith, after a bench trial. The State asserts it is authorized to bring this appeal pursuant to IND.CODE 35-38-4-2(4). Smith was charged with three counts of Battery, one count of Disorderly Conduct, and one count of Resisting Law Enforcement. The State argues the trial court erred by sustaining Smith's objection concerning evidence of events that took

1. This case has been diverted from the Second District by direction of the Chief Judge.

place in Smith's hotel room. Appeal dismissed.

## FACTS

The facts most favorable to the trial court's judgment indicate that on August 27, 1988, Smith was attending a party at a hotel. She was staying in one of the rooms at the hotel as a registered guest. While in the room with the door closed, Smith heard a commotion outside the room. Smith opened the door and saw her brother/co-defendant, Victor Kotso, on the floor fighting with a hotel employee. Eventually, Kotso broke free and entered Smith's room. Smith closed and locked the door.

Later, two police officers knocked on the door and demanded entry. One threatened that if Smith did not open the door, he would kick it open. Smith relented and opened the door. The police officers entered the room and a struggle ensued during which some of the charges against Smith and her co-defendants arose.

Smith objected to the admission of evidence concerning what took place inside her hotel room. The trial court took the objection under advisement and heard all the evidence. Both the State and Smith submitted memoranda concerning the evidentiary question. At a later hearing, the trial court announced it would sustain Smith's objection and acquitted her of all charges.

## DECISION

■ The right of the State to appeal from a criminal proceeding is strictly limited by authorization by statute. *State v. Harner* (1983), Ind., 450 N.E.2d 1005. IND.CODE 35–38–4–2(4)—relied on by the State as authorization for the bringing of this appeal—permits the State to appeal from a question reserved by the State if the defendant is acquitted. In an appeal by the State on a reserved question of law, the reviewing court does not review questions of fact where the finding is for the defendant. *Harner, supra.* In *Harner,* our supreme court held the trial court's refusal to give instructions on lesser included offenses was not an appropriate is-

sue for a reserved question of law since this question is a matter of the facts of each individual case and not a matter of law. *Id.*

In the present case, the State argues the trial court erred by sustaining Smith's objection regarding evidence of the events following the police entry into the hotel room. The State argues the police legally entered the room in fresh pursuit of Kotso who had committed a misdemeanor (Disorderly Conduct) in the presence of a police officer. *Citing State v. Blake* (1984), Ind. App., 468 N.E.2d 548. The State also cites *Blake* for the proposition that Kotso could not defeat an arrest by retreating into a private place where an arrest was being effected in a public place.

■ The State has the burden of proving a warrantless arrest falls within one of the exceptions to the warrant requirement. *Id.* Obviously, the question of whether the State effected a valid warrantless search rests upon the facts surrounding a particular arrest. Twice in its brief, the State admits these facts were in dispute. (Appellant's brief p. 10, 11.)

However, we are not authorized to review the facts. As noted above, in an appeal by the State on a reserved question of law, the reviewing court does not review questions of fact where the finding is for the defendant. *Harner, supra.* Because the question of whether the State effected a valid warrantless arrest is a matter of the facts of each particular case and not a matter of law, our inquiry is ended.

The State is not authorized to bring this appeal as a reserved question of law under I.C. 35–38–4–2. Similarly, we are not authorized to review the facts of this case and pronounce an opinion. *Id.*

Appeal dismissed.

SHIELDS, P.J., and CONOVER, J., concur.