LYNCH *v*. STATE OF INDIANA.

[No. 29,700.   Filed April 1, 1960.]

*Patrick E. Chavis, Jr.,* of Indianapolis, for appellant. of Indianapolis, for appellant.

*Edwin K. Steers,* Attorney General, and *Merl M. Wall,* Assistant Attorney General, for appellee.

BOBBITT, J.—Appellant was charged by amended affidavit in four counts. However, we need only consider Count One which charged the crime of burglary by attempting to force an entrance into a safe under Acts 1955, ch. 156, §1, p. 307, being §10-702(a), Burns' 1956 Replacement. Trial was by the court without the intervention of a jury, and defendant was found guilty as charged in Count One of the amended affidavit, and sentenced to the Indiana State Prison for not less than five nor more than ten years, and disfranchised for a period of five years.

The assignment of errors consists of three specifications, as follows:

1. The court erred in overruling appellant's motion to quash the indictment, [affidavit].

2. The court erred in overruling appellant's motion for a new trial.

3. The court erred in overruling appellant's motion in arrest of judgment.

378

*First:* Appellant asserts that it was error to overrule his motion to quash the amended affidavit because it failed to identify properly the safe here involved.

That part of the amended affidavit referring to the safe is as follows:

> "DONALD PAUL LYNCH . . . (did then and there unlawfully, feloniously and burglariously break and enter into the building of ATLAS SUPER MARKET, NORTHSIDE, INC., a corporation located at 720 East 54th Street, City of Indianapolis, County of Marion, State of Indiana,) . . . and did then and there unlawfully, maliciously and forcibly . . . attempt to force an entrance into a safe which was then and there situated in the said building, and which safe contained United States Currency in the sum of five hundred dollars ($500.00), in lawful money, said money being the property of ATLAS SUPER MARKET, NORTHSIDE, INC., a corporation, . . ."

We think the trial court might properly have concluded from the allegation that the safe was in a building of "ATLAS SUPER MARKET, NORTHSIDE, INC." and contained property (United States currency) of Atlas Super Market, Northside, Inc., that such safe was in the possession of Atlas Super Market, Northside, Inc., and that such company was the owner thereof for the purposes of this statute. *Donnelly* v. *State* (1924), 194 Ind. 136, 139, 142 N. E. 219. See also: *Rhoades* v. *State* (1946), 224 Ind. 569, 573, 70 N. E. 2d 27; *Sneed, Lockridge* v. *State* (1956), 235 Ind. 198, 201, 130 N. E. 2d 32.

*Second:* Since the affidavit is sufficient to withstand a motion to quash, it is good against a motion in arrest of judgment, based on the same grounds. *Nicholas* v. *State* (1960), 240 Ind. 463, 165 N. E. 2d 149; *Lodyga and Mantych* v. *State* (1932), 203 Ind. 494, 500, 179 N. E. 542.

*Third:* Appellant further asserts that the decision of the trial court is contrary to law because of "the conduct of the State of Indiana in filing, refiling, dismissing and reinstating this cause of action."

No reference is made to pages of the transcript showing the facts to support appellant's conclusion as stated above. However, assuming, but not deciding, that appellant's statement as to the dismissals and refilings are true, no reversible error is shown here for two reasons: (1) This court will not search the record to reverse a judgment of the trial court; and (2) Under the circumstances here the prosecuting attorney was acting within his authority in submitting motions to dismiss as to prior charges, (Acts 1905, ch. 169, §114, p. 584, being §9-910, Burns' 1956 Replacement); and in filing new charges based upon the same facts. *Dye* v. *State* (1891), 130 Ind. 87, 29 N. E. 771; *Winters* v. *State* (1928), 200 Ind. 48, 50, 160 N. E. 294; *State* v. *Taylor* (1956), 235 Ind. 632, 137 N. E. 2d 537.

*Fourth:* Finally, appellant asserts that the evidence is insufficient to support the decision of the trial court because there is no evidence that he "forced or attempted to force the door of a safe."

Russell Carmichael, a police officer of the City of Indianapolis, testified that on November 24, 1956, at about ten o'clock p.m. he was sent to 720 East 54th Street, Atlas Super Market Northside, Inc. to investigate a burglary; that the building had been entered by the ventilator shaft on the roof, and when he, the owner of the store, and other policemen entered the store they found two persons, "John Bydo and Donald Paul Lynch." At the time this testimony was given at the trial the witness identified the defendant-appellant herein as being Donald Paul Lynch.

This officer further testified that they found certain equipment used in the attempt to open the safe which included two cleavers, a small sledge, punch, gloves, flashlight and screwdriver. This witness further testified that he had a conversation with defendant-appellant at the time and asked him if he was going to use the equipment, which the police had found, to open the safe, and defendant-appellant replied that he was, and had other equipment in their car if they found the safe was too hard to open. This witness further testified that defendant-appellant told him that State's Exhibit No. 9, which was a four-pound sledge hammer, was used by pounding on the cleaver to make the initial entry into the safe by forcing an opening above the combination.

State's Exhibit No. 7, which was a statement signed by defendant-appellant on November 25, 1956, is, in part, as follows:

"We took a screwdriver, small pinch bar pliers, and a four-pound hammer and walked South in the alley to the rear of 720 E. 54th St. which is the Atlas Supermarket North Side Incorporated. We climbed on the roof at the Northeast corner of the building and entered the store by removing a venilator [ventilator] on the roof. We dropped on the ceiling where John Bydo and I broke a hole large enough for us to enter through the ceiling into the store. John Bydo went to the office and I went to the rear door to unlock same to be used as an exit. John Bydo started to work on the safe in an attempt to open same. I started to the office when the telephone rang several times. Bydo ask [asked] me why I thought the phone was ringing. I told Bydo I did not know but we had better check outside. Aupon [upon] my arrival at the back door I saw Police Officers around the building. John Bydo and I made an attempt to conceal ourselves in the rear of the store. Police Officers entered the building and searched same and found both Bydo and myself. We were placed under arrest and brought to Police Headquarters."

We think the trial court could have found from the foregoing that appellant attempted to force an entrance into the safe as described in the amended affidavit.

Appellant has failed to sustain his burden of showing reversible error and the judgment of the trial court must be affirmed.

Judgment affirmed.

Arterburn, C. J., Jackson and Landis, JJ., concur.

This case was re-assigned to the writer on February 8, 1960. While Judge Achor participated in the hearing of oral arguments in this case, he was not present at the time of, and did not participate in, the adoption of this opinion because of illness.

NOTE.—Reported in 165 N. E. 2d 762.