DOUGLAS *v.* STATE OF INDIANA.

[No. 169S5. Filed June 29, 1970. No petition for rehearing filed.]

Frederick J. Graf, of Indianapolis, for appellant.

Theodore L. Sendak, Attorney General, Murray West, Deputy Attorney General, for appellee.

JACKSON, J.—This is an appeal from the overruling of appellant's Motion for New Trial and Amended Motion for New Trial following a conviction of appellant, after trial to the court without the intervention of a jury, on a felony charge, to-wit: rape, embodied in an indictment filed against appellant in the above court.

The indictment filed herein reads in pertinent part as follows:

"The Grand Jury for the County of Marion in the State of Indiana, upon their oath do present that CARRIE DOUGLAS on or about the 16th day of MARCH, A.D. 1968, at and in the County of Marion and in the State of Indiana, being then and there over the age of sixteen (16) years, did then and there unlawfully and feloniously commit the crime of rape, by then and there having carnal knowledge of BARBARA BURNS, a woman forcibly against her will, she the said BARBARA BURNS not being the wife of the said CARRIE DOUGLAS, while he, the said CARRIE DOUGLAS, was then and there armed with a deadly weapon, to-wit: a pistol, then and there being contrary to the

form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

Appellant filed a Notice of Alibi and a Motion to Amend that Notice (pp. 15, 16 & 18 Tr.). The State's answer thereto is found at p. 30 Tr. and in pertinent part reads as follows:

"1. The date which the prosecution proposes to present at the trial of the above entitled cause as the date when the defendant committed the offense charges was: between 6:00 P.M. and 12:00 Midnight on March 16, 1968.

2. The place which the prosecution proposes to present at the trial of the above entitled cause as the place where the defendant committed the offense charged was: at and about 22nd Street and College Avenue, and additionally in the 600 block of East 23rd Street, all in Indianapolis, Marion County, Indiana."

The appellant then filed a Motion for Disclosure and Production of Evidence Favorable to Accused. Such motion, including attached memorandum covers eight pages of record and is therefore omitted. In substance it seeks an order requiring the prosecution to furnish for appellant's use a list of names of witnesses to be used by the State, etc. It also alleges that the State has information of certain reports of investigations into this alleged crime that show the appellant was not and is not the perpetrator of the crime charged herein, and that these reports should be made available to the appellant. The motion also alleges that the State suppresses and/or failed to disclose at the preliminary hearing before this Court certain evidence favorable to the defendant together with certain exculpatory statements secured in the investigation of this case and that this information should be made available to defendant or his counsel. Also, the motion alleges an illegal and unconstitutional lineup and other activities by the police officers and seeks an order requiring the statements, both oral and written, by persons viewing the lineup be made available to the defense.

The court sustained this motion in part by requiring the

State to furnish defendant a list of names and addresses of State's witnesses on or before August 23, 1968.

Following trial the court found appellant guilty of commission of a felony, rape, while armed with a deadly weapon, as charged in the indictment, and that the defendant-appellant was twenty-three years of age.

Thereafter, on September 12, 1968, the appellant was sentenced to the Indiana State Reformatory for not less than twelve (12) years and costs. (Tr. p. 41).

On September 23, 1968, the appellant filed his motion for new trial. This motion for new trial was overruled October 17, 1968.

On September 27, 1968, appellant filed an Amended Motion for New Trial, which reads in pertinent part as follows:

"Comes now the Defendant in the above entitled cause, by Counsel, and respectfully moves the Court for a new trial herein upon the following grounds and for the following reasons, to-wit:

1. Irregularity in the proceedings of the Court and orders of the Court and abuse of discretion by which said Defendant was prevented from having a fair and impartial trial in this, to-wit:

(a) The Court erred in overruling the major portions of Defendant's Motion For Disclosure and Production of Evidence Favorable To Accused.

(b) The Court erred in refusing to order the State to disclose all evidence and information in its possession which was favorable and beneficial to accused which request was made by the Defendant in his Motion For Disclosure and Production of Evidence Favorable To Accused.

(c) The Court erred in not sustaining In Toto, Defendant's Motion For Disclosure and Production of Evidence Favorable To Accused.

2. Newly discovered evidence, material to the Defendant, which he could not, with diligence have discovered and produced at the trial, all as shown by the Affidavits of James Hall and Robert Dotson, whose Affidavits are attached hereto and made a part of this Amended Motion For New Trial and marked Exhibits "A" and "B" respectively.

3. The finding of the Court is contrary to law.

4. The finding of the Court is not sustained by sufficient evidence.

WHEREFORE, the Defendant, Carrie Douglas, by Counsel, respectfully prays the Court that he be granted a new trial herein."

This motion was overruled by the court on October 17, 1968.

Appellant's Assignment of Errors in pertinent part reads as follows:

"1. The trial court erred in overruling Appellant's motion for a new trial.

2. The trial court erred in overruling Appellant's amended motion for a new trial."

From the evidence adduced at trial, viewed in a light most favorable to appellee, it appears that on the evening of March 16, 1968, at approximately 9:00 p.m., the complainant, Miss Barbara Ann Burns, was running to catch a bus at the intersection of 22nd and College in Indianapolis, Marion County, Indiana. At that time a man approached her, put a gun in her side, and told her that he would shoot her if she screamed. He then ordered her to go behind a nearby barber shop where he further ordered her to take off her coat, her underclothes, and to lay down. An act of sexual intercouse followed. Thereafter, appellant led the complainant to a vacant house at 23rd and Broadway. Once inside, appellant again forced Miss Burns to submit to numerous acts of sexual intercourse and sodomy. Upon completion of same, at approximately 11:00 p.m. on the night in question, appellant ordered complainant to remove all of her clothing and walk to the back door of the house at 23rd and Broadway, so that she would not call the police. She did as requested, then ran back into the living room, put on her clothes, and went next door where the resident called the police. At all times hereinbefore mentioned appellant had the gun with him, and Miss Burns testified on direct examination regarding her fear of appellant.

Sgt. John Lund of the Indianapolis Police Department testified that, on approximately five or six occasions subsequent to the alleged crime, he had conversations with the complainant, and on each occasion he showed her various pictures of "logical suspects" in an effort to have her identify her assailant. Appellant's picture was shown to her only on the last occasion, and at that time Miss Burns identified the man in the picture (the appellant) as the perpetrator of the crime.

Appellant's Summary of The Argument is as follows:

"(a)  The trial court erroneously failed to sustain *in toto* a pre-trial written Motion by defendant-appellant requesting that the State of Indiana be ordered to disclose, produce and make available to the defendant certain evidence then in the possession of the State of Indiana which was favorable to the defendant-appellant. The trial court's partial sustainer and the State's token compliance therewith constituted a prejudicial deprivation of defendant-appellant's rights to evidence of the type and in the possession of the State to which he was entitled.

(b)  The evidence was insufficient to support the finding. The probative evidence of record does not reasonably establish beyond a reasonable doubt that appellant was the person guilty of committing the charged crime. The alleged victim (and only eye-witness) narrated an incredible story, one bordering upon the impossible. That narration coupled with the Court's refusal to admit a particular photograph into evidence (for fear that the 'power of suggestion' might be turned about so as to equally establish the defendant-appellant's innocence) culminated in the ultimate finding. However, there was no disputing the fact of the alleged victim's claimed fear and the attendant uncertainty that such fear had upon her bizzare identification testimony. The appellant established a strong and clear defense of alibi.

(c)  The trial court erroneously refused to order a new trial in light of the post-trial discovery of new evidence which was material to the defendant-appellant's case. The State did not dispute the evidence nor did it dispute the fact it could not have been discovered and diligently produced at the trial. The evidence was two Affidavits, each one prepared and executed by a different individual other than the defendant-appellant."

We will answer appellant's summary of the argument in the order presented.

A. In view of the evidence adduced by the State at the trial we are of the opinion the court committed no error in sustaining a portion of appellant's motion for the production of evidence. The witnesses produced were ones appellant was aware of and their testimony certainly did not surprise the appellant. If the State had additional evidence that tended either to incriminate or clear the appellant he made no request for a continuance or other effort to obtain a further order from the court to require the State to produce such evidence. Other than the request, partially granted, there was no showing the State was in possession of evidence that would have cleared the defendant. We at this point, on appeal, cannot say that the matters alleged in the motion were more than a fishing expedition hoping to produce exculpatory evidence for the reason the allegations were general, indefinite and uncertain as to who, what and where.

B. While we might go so far as to agree with appellant's counsel that the evidence of the prosecuting witness is "fantastic" or "bizarre," we point out that when the question of the sufficiency of the evidence is raised the Supreme Court will consider only that evidence most favorable to the State, together with all reasonable inferences to be drawn therefrom. *Fisher* v. *State* (1966), 247 Ind. 529, 219 N. E. 2d 818; *Donaldson* v. *State* (1952), 231 Ind. 434, 108 N. E. 2d 888.

Moreover, the Supreme Court on appeal will not weigh the evidence or determine the credibility of witnesses. *Stock* v. *State* (1966), 247 Ind. 532, 219 N. E. 2d 809 Those duties devolve upon the trier of the facts.

C. This specificaiton refers to the alleged error of the court in denying appellant's amended motion for a new trial. In support of this specification appellant refers to the two

affidavits made a part thereof. A reference to the record shows the appellant testified he got the gun alleged to have been used in this alleged crime on March 19, 1968, from a man named James, whose last name he did not know.

The affidavit of James Hall, attached to appellant's amended motion for a new trial avers that he, Hall, purchased a 22 pistol from Leonard Collins, his foreman, on or about the 7th day of March, 1968. On the same night he sold the gun to Carrie Douglas, the appellant. Present at that time were Robert Douglas, brother of the appellant, and John Taylor. The affiant further said that he was present when Police Officer King arrested Carrie Douglas for carrying the same pistol; present at that time were Robert Douglas, brother of appellant, and John Taylor; that said arrest took place at the Family Tavern at 16th and College Avenue, Indianapolis, Indiana. After the arrest, Carrie Douglas was taken downtown but affiant, John Taylor and Robert Douglas were not arrested.

The second affidavit was made by Robert Dotson, brother of Carrie Douglas. He avers that on or about March 29th or 30th he was present at the Family Tavern, 16th and College Avenue, Indianapolis, Indiana, when his brother Carrie Douglas was arrested for carrying a pistol, and at that time the following people were present—John Taylor, James Hall and himself and that the arresting officer took his brother downtown.

John Taylor testified as a defense witness that he was with the appellant when he got the gun above referred to, that Carrie Douglas got the gun from "a guy named James" at the J. & B. Tavern at 16th and College, he thinks after March 16, 1968. He is a nephew of appellant. On cross examination affiant changed the date of appellant's acquisition of the gun from March 16, 1968 to March 19th or 20th, 1968. The appellant was arrested the same night he got the gun.

We thus have appellant and his nephew fixing the date of

the acquisition of the gun on March 19 or 20 and the arrest the same night he got it.

James Hall the man who made affidavit to that fact says he sold the gun to appellant March 7, 1968. He makes affidavit he was present when appellant was arrested for having the gun but does not fix a date when the arrest occurred.

This Court will not search the record to reverse. *Coleman* v. *State* (1961), 241 Ind. 663, 175 N. E. 2d 25; *Lynch* v. *State* (1960), 240 Ind. 376, 165 N. E. 2d 762.

Nor will it weigh the evidence or determine the credibility of the witnesses. *Stock* v. *State, supra.*

We find no merit in this specification.

The Judgment is affirmed.

Hunter, C.J., Arterburn and Givan, JJ., concur. DeBruler, J., concurs in result.

NOTE.—Reported in 259 N. E. 2d 691.