KISSINGER v. STATE OF INDIANA.

[No. 369S65. Filed November 20, 1970. Rehearing denied December 30, 1970.]

*Palmer K. Ward*, of Indianapolis, for appellant.

*Theodore L. Sendak*, Attorney General, *Murray West*, Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged with the crime of safe burglary as defined in Burns Ind. Stat., 1956 Repl., § 10-702a. Trial by jury resulted in a verdict of guilty, upon which the appellant was sentenced to the Indiana State Prison for not less than five nor more than ten years.

The evidence as shown by the record before us discloses the following:

On December 24, 1965, Melvin Wise, Manager of the Carbob Restaurant, 5959 East 38th Street, Indianapolis, Indiana, placed $1,715 in a lock box which he placed in the company's safe, which was in turn locked. The restaurant was not open for business on Christmas Day. However, Robert Lambertson, the owner of the restaurant, checked the building on the evening of the 25th and found everything in order. About 5:00 A.M. on the morning of December 26, Paul Harmon, an Indianapolis Police Officer, was parked in his patrol car near the restaurant. He heard a door slam in the restaurant. As he slowly approached the restaurant in his car he observed the appellant and another man run from the restaurant toward an open field. Officer Harmon continued to drive to a nearby parking lot bordering the field and waited for the two men to re-appear. Appellant ran almost directly into Officer Har-

mon and was immediately apprehended. The officer testified that the appellant was wearing the same type of clothing as one of the men he saw running from the building, and that the appellant was out of breath when apprehended. The other person seen running from the building was also apprehended by officers in a nearby creek bed where a sledge hammer, crowbar, flashlight, and black leather gloves were found. After the apprehension of appellant, Officer Harmon returned to the building, where he discovered the outside door had been broken and the safe had been opened by force.

Appellant first alleges error in that the affidavit charged the appellant as Leo Kissinger alias Ralph McGarvin; however, there was no proof by the State that the appellant was ever known by the name of Ralph McGarvin. Appellant cites no authority for his position that such a failure on the part of the State would be reversible error. No question has been raised that the appellant was not in fact known as Leo Kissinger nor is there any allegation or indication in the record that he was surprised or prevented in any way from properly defending himself by reason of the alleged alias. In the absence of any allegation of harm, we fail to see any materiality as to whether the State did or did not prove an alleged alias. By the failure to cite authority the appellant has waived this proposition. *Short* v. *State* (1968), 250 Ind. 459, 237 N. E. 2d 258, 14 Ind. Dec. 405.

Appellant next alleges error in that he claims there is insufficient evidence to sustain the verdict. As above pointed out, there was ample evidence that the building had been forcefully entered and the safe broken into. The testimony of Officer Harmon that he personally observed appellant run from the premises, that he apprehended him shortly thereafter while appellant was still running, was evidence which the jury could consider in determining appellant's guilt. *State* v. *Torphy* (1940), 217 Ind. 383, 28 N. E. 2d 70. These facts, together with the evidence that burglary tools were recovered near the scene and near a place where

defendant's alleged accomplice was apprehended, constitute ample evidence to sustain the verdict of the jury that the defendant was in fact guilty as charged. *Ruggirello* v. *State* (1969), 252 Ind. 144, 246 N. E. 2d 481, 17 Ind. Dec. 273.

· The trial court is, therefore, affirmed.

Hunter, C.J., Arterburn and DeBruler, JJ., concur; Jackson, J., dissents with opinion.

### DISSENTING OPINION

· JACKSON, J.—I am unable to concur in the majority opinion and dissent thereto. Appellant was charged by affidavit with the crime of safe burglary, said affidavit reading in pertinent part as follows:

> "(T)hat LEO KISSINGER alias RALPH McGARVIN and HOBART WHITE alias LAWRENCE HOBART WHITE on or about the 26th day of DECEMBER, 1965, at and in the County of Marion in the State of Indiana, did then and there with intent to commit a felony therein, break and enter into the building and structure of CARBOB, INC., a corporation, then and there situate at 5959 EAST 38th STREET, City of Indianapolis, County of Marion, State of Indiana, and did then and there unlawfully, maliciously and forcibly with the aid and use of a hammer, punch and pry bar, force entrance into a safe which was then and there situated in said building, and which safe contained money in the sum of ONE THOUSAND SEVEN HUNDRED AND FIFTEEN DOLLARS ($1,715.00) in lawful money, said money being the property of CARBOB, INC., a corporation, then and there being contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

The facts, as set forth in the majority opinion, are substantially correct, and appellant argues that such evidence is wholly insufficient to prove beyond a reasonable doubt that he is guilty of the crime charged. In the case at bar, it was incumbent upon the State to prove beyond a reasonable doubt that appellant did, in fact, "* * * unlawfully, maliciously and

forcibly * * * *force entrance into a safe* which * * * contained money in the sum of * * * ($1,715.00) * * * said money being the property of CARBOB, INC. * * *." (Emphasis supplied). The only evidence offered by the State to prove the charge against appellant was that he was seen running from the restaurant in the company of another, apparently a short time after the safe in question had been burglarized. The evidence was, therefore, circumstantial requiring the trier of fact to infer therefrom that appellant did commit the crime of safe burglary as charged in the affidavit.

In *Easton* v. *State* (1967), 248 Ind. 338, 228 N. E. 2d 6, this Court stated that:

> "Where the evidence of an issuable fact is wholly circumstantial in nature the evidence must be so conclusive and compelling in character that it excludes every reasonable hypothesis of the assumption of innocence of the defendant."

In *Reynolds* v. *State* (1970), 254 Ind. 478, 260 N. E. 2d 793, this Court, citing *Easton* v. *State, supra,* and *Manlove* v. *State* (1968), 250 Ind. 70, 232 N. E. 2d 874, stated:

> "Thus it is clear that where the evidence is wholly circumstantial and fails to exclude every reasonable hypothesis of innocence such evidence is not sufficiently persuasive to allow a reasonable man to find the accused guilty beyond a reasonable doubt and such a finding of guilty cannot stand."

Further, in *Crawford* v. *State* (1968), 251 Ind. 437, 241 N. E. 2d 795, this Court said:

> "If the evidence merely tends to establish a suspicion of guilt it is not sufficient to sustain a conviction."

Therefore, it is the duty of this Court to determine in the final analysis whether or not the evidence as presented to the trial court is sufficient to exclude every reasonable hypothesis of the assumption of innocence of the appellant, or whether it merely tends to establish a suspicion of guilt without more.

I reiterate that the only evidence presented by the State to prove the charge of safe burglary with respect to appellant was that he was seen running from the restaurant in the company of another at approximately 5:00 a.m. on the morning of December 26, 1965. There was absolutely no evidence presented that appellant ever tampered with the safe in question in any way at any time. When apprehended by Officer Harmon, appellant did not have in his possession any "burglary tools" or property belonging to the restaurant. In fact, the most that Officer Harmon could testify to upon apprehending appellant was that he (appellant) was "extremely out of breath."

Here, the meager evidence offered by the State may give rise to an inference of someone's guilt with respect to the crime charged. However, such evidence fails to establish who that someone is. Every reasonable hypothesis of innocence of the appellant has not been excluded. A very reasonable hypothesis which may be drawn from the evidence is that appellant and his companion merely entered upon the scene of the crime after it had already been committed by certain unknown parties, and, upon leaving, were apprehended and charged as the perpetrators of the crime of safe burglary.

Perhaps the evidence presented to the trial court would have been sufficient to sustain a conviction had appellant been charged in the first instance with the crime of Entering to Commit a Felony. But, certainly, such evidence in no way measures up to that degree of proof necessary to sustain a conviction on a charge of safe burglary. Thus, applying the rule of law first enunciated in *Manlove* v. *State, supra,* the "* * * evidence * * * is not sufficiently persuasive to allow a reasonable man to find the accused guilty beyond a reasonable doubt and such a finding of guilty cannot stand."

The judgment of the trial court should be reversed with instructions to grant appellant's motion for new trial.

NOTE,—Reported in 263 N. E. 2d 646,