RAYMOND ROBINSON *v.* STATE OF INDIANA.

[No. 1270S299. Filed August 6, 1971.]

*Robert J. Fink,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged by affidavit with the crime of second degree burglary. Trial before the court without a jury resulted in a finding of guilty. Appellant was sentenced to the Indiana State Reformatory for not less than two nor more than five years and disfranchised for a period of two years.

The record discloses the following facts:

Shortly before midnight on April 28, 1970, Sergeant Popcheff summoned aid from Deputy Sheriff Richard Gates as he was passing by Public School No. 52 in the City of Indianapolis. Popcheff informed Gates that there were persons inside the school and that he needed aid in attempting to apprehend them. Deputy Sheriff Gates testified that he saw the appellant break a window on the west side of the school building and exit through the broken window. When the appellant started to run Gates shouted, "Stop. This is the police." As Robinson continued to run Gates fired a shot in the air. Gates pursued the appellant across a well lighted parking lot to a field west of a nearby shopping center. In the field the appellant was apprehended by Officer Highbaugh and his dog. A second person who was inside the building was not apprehended.

After arresting the appellant, the officers entered the school building where they found several television sets, a radio and some typewriters stacked near a door.

Officer Highbaugh testified that when he saw Officer Gates chasing the appellant, he released his police dog, and that the dog stopped the appellant.

There was testimony that the school building was the property of the Indianapolis School Board, and the property in the building, including the television sets, radio and typewriters, was the property of the School Board.

There was evidence that the appellant was not authorized to be in the building and the building was in fact closed at the time. Entry into the building had been gained through a basement window where the heavy mesh screen had been pried away and the window forced open.

The appellant testified admitting that he was the man who was chased and caught by the police. However, he stated that he was merely passing by at the time of the incident. His testimony is, of course, contradicted by Officer Gates. We have previously stated that we will not

weigh the evidence but will consider only that evidence most favorable to the State, together with all reasonable inferences to be drawn therefrom. *Douglas* v. *State* (1970), 254 Ind. 324, 259 N. E. 2d 691, 22 Ind. Dec. 41.

Appellant claims that the State did not show that he intended to take control and permanently deprive the School Board of any property. We have previously held that intent may be inferred from the circumstances of the case. *McIntosh* v. *State* (1970), 254 Ind. 484, 260 N. E. 2d 775, 22 Ind. Dec. 294. In the *McIntosh* case we stated that intent is a mental function which is impossible to determine with absolute certainty. However, we will examine the surrounding circumstances to logically and reasonably determine intent. The evidence as above recited clearly supports the finding of the trial court that the appellant did in fact have the intent to remove articles of value from the school building.

We have also held that the conduct of the appellant, including his attempted flight immediately prior to his apprehension, may be considered by the trial court in determining guilt. *Kissinger* v. *State* (1970), 255 Ind. 283, 263 N. E. 2d 646, 23 Ind. Dec. 501. Applying the above authorities to the facts of this case, we hold the trial court did not err in its decision.

The trial court is, therefore, affirmed.

Arterburn, C.J., DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 271 N. E. 2d 727.