LEO GRANT KISSINGER *v.* STATE OF INDIANA.

[No. 2-573A124. Filed August 20, 1974.]

*Harriette Bailey Conn* [*Mrs.*], Public Defender of Indiana, *Carr L. Darden, Sr.,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellee.

SULLIVAN, P.J.—Appellant (Kissinger) brings this appeal as the culmination of a protracted series of motions, petitions and requests, most of them *pro se,* seeking review of his safe burglary conviction. The pertinent facts, although not easily discernible in the record, establish the following:

Kissinger, in 1968, was convicted of safe burglary following a trial by jury. In a direct appeal alleging insufficiency of the evidence, the Indiana Supreme Court affirmed the conviction. *Kissinger* v. *State* (1970), 255 Ind. 283, 263 N.E.2d 646.

A Post-Conviction Remedy petition was filed pursuant to P.C. Rule 1 in May, 1971, and subsequently amended in June of 1971. The petition essentially asserted that Kissinger's conviction was invalid because the arresting officer lacked probable cause to believe Kissinger committed the safe burglary. On July 28, 1971, a hearing was held in which the arresting officer gave testimony. On July 30, 1971, the trial court, in denying Kissinger's petition, made the following findings of facts and conclusions of law:

"The Court now finds:

1. That the defendant has failed to sustain his burden of proof that there was no probable cause for the original arrest of the defendant on December 26, 1965.
2. That the defendant has failed to sustain his burden of proof as to the illegality of defendant's committment [sic] to the Indiana State Prison.

The Court now finds the matter of law:

1. That the petitioner has had an adjudication of his case on the sufficiency of the evidence and is not entitled to post conviction relief.
2. That the Court will not waive [sic] the sufficiency of evidence of the defendant's conviction which has previously been affirmed by the Indiana Supreme Court.
3. That the defendant has failed to sustain his burden of proof as to his allegations of lack of probable cause in the arrest and has waived any right to now raise said issues as a matter of law in that they were not raised in the original appeal."

Over a year later, on December 26, 1972, Kissinger requested, and was granted, permission to file a Belated Motion to Correct Errors pursuant to Post-Conviction Remedy Rule 2 (P.C. 2) directed to the court's ruling on the P.C. 1 peti-

tion.[1] The Belated Motion to Correct Errors was filed by counsel on February 27, 1973, contesting the findings and conclusions of the trial court.

It is initially incumbent upon us to address the procedural aspects of this case despite their indeterminative nature as to the result we reach.

The promulgation of the post-conviction remedy rules evidenced the belief that justice and fundamental fairness requires the maintenance of open channels to the courts whereby defendants may challenge the validity of their convictions. *Langley* v. *State* (1971), 256 Ind. 199, 267 N.E.2d 538. As a caveat, however, our Supreme Court in *Langley, supra,* stated:

> "It was not our intent, however, to provide a means whereby one convicted could repeatedly re-litigate claims of improper conviction, or could *unqualifiedly,* upon a legitimate waiver of the right to appeal either expressly made or to be inferred through application of appropriate legal principles, raise an untimely challenge directed at some aspect of the proceedings against him. In attempting then to correlate the role of the post conviction remedy rules with those afforded by direct appeal and to define their appropriate use in a challenge directed at a criminal proceeding, it would seem obvious that this court has a vested interest in guarding against a perversion of the rules through improper invocation of their protections or a prostitution of the spirit of criminal justice through sanctioned 'multi-appeals' thought to be afforded." (Original emphasis) 256 Ind. at 203.

For the above reason, our courts have prohibited, in post-conviction proceedings, the assertion of errors which could have been presented in a prior direct appeal. *Langley* v. *State, supra.* The theoretical underpinnings of this prohibition are embedded in the doctrine of waiver. Thus, where a defendant does not raise an alleged error in a prior direct appeal, he is foreclosed from asserting

---

1. Appellant's ability to attack the findings following a P.C. 1 hearing by means of a P.C. 2 Belated Motion to Correct Errors was recently established by our Supreme Court in *Simmons* v. *State* (1974), 262 Ind. 19, 310 N.E.2d 872. *But see Hendrixson* v. *State* (1974), Ind. App., 310 N.E.2d 569 (pending upon transfer).

such error in latter post-conviction remedy proceeding unless he can proffer some "substantial basis or circumstance which would satisfactorily mitigate his failure to pursue or perfect a remedy through the normal procedural channels. . . ." *Langley* v. *State, supra,* 256 Ind. at 211.

> It must also be recognized that the defense of waiver must be affirmatively asserted by the State. In *Langley,* the court stated:

> "However, it would seem that the state is precluded from asserting waiver on appeal where they made no mention concerning it at the [post-conviction remedy] hearing on the same basis that an appellant is normally denied the right to raise an issue for the first time on appeal." 256 Ind. at 207, n. 2.

Concomitantly, it is equally well established that an issue, validly presented to the trial court, must be argued in the party's appeal brief or it is deemed waived. Ind. Rules of Procedure, Appellate Rule 8.3; *Maynard* v. *State* (1973), 157 Ind. App. 573, 301 N.E.2d 200.

In the case at bar, the State, at the post-conviction remedy hearing, successfully argued that Kissinger had waived any error as to the probable cause issue by not presenting such error in his direct appeal. However, the State's post-conviction appellate brief does not contain the slightest hint of argument on that issue. Therefore, we must proceed to the merits. Compare *Johnson* v. *State* (1974), 262 Ind. 183, 313 N.E.2d 542.

Kissinger contends that Officer Harmon did not have probable cause to arrest him because Harmon was "without the requisite knowledge and facts to warrant a prudent man in believing that the Defendant had committed or was committing a criminal offense at the time of making arrest."

An excellent summarization of the facts was stated by our Supreme Court in its initial review of appellant's conviction:

> "On December 24, 1965, Melvin Wise, Manager of the Carbob Restaurant, 5959 East 38th Street, Indianapolis, Indiana, placed $1,715 in a lock box which he placed in the

company's safe, which was in turn locked. The restaurant was not open for business on Christmas Day. However, Robert Lambertson, the owner of the restaurant, checked the building on the evening of the 25th and found everything in order. About 5:00 A.M. on the morning of December 26 Paul Harmon, an Indianapolis Police Officer, was parked in his patrol car near the restaurant. He heard a door slam in the restaurant. As he slowly approached the restaurant in his car he observed the appellant and another man run from the restaurant toward an open field. Officer Harmon continued to drive to a nearby parking lot bordering the field and waited for the two men to re-appear. Appellant ran almost directly into Officer Harmon and was immediately apprehended. The officer testified that the appellant was wearing the same type of clothing as one of the men he saw running from the building, and that the appellant was out of breath when apprehended. The other person seen running from the building was also apprehended by officers in a nearby creek bed where a sledge hammer, crowbar, flashlight and black leather gloves were found. After the apprehension of appellant, Officer Harmon returned to the building, where he discovered the outside door had been broken and the safe had been opened by force." 263 N.E.2d at 647.

At the P.C. 1 hearing, Officer Harmon's testimony essentially reiterated the above factual background.

The cases elucidating the appropriate standard in reviewing warrantless arrests are legion, and generally provide that:

"Probable cause for an arrest exists if the facts and circumstances known by the arresting officer and of which he has trustworthy information would warrant a prudent man of reasonable caution in believing that the accused had committed or was committing an offense." *Johnson* v. *State* (1973), 157 Ind. App. 105, 299 N.E.2d 194, 196.

It is equally well established that:

"The law looks at the facts and circumstances as they were presented to the police officer who had to make a prompt decision. It is not necessary that the information be direct." *Manson* v. *State* (1967), 249 Ind. 53, 56, 229 N.E.2d 801, *cert. denied,* 390 U.S. 995. *See also, Luckett* v. *State* (1972), 259 Ind. 174, 284 N.E.2d 738; *McCulley* v. *State* (1971), 257 Ind. 135, 272 N.E.2d 613; *Smith* v. *State* (1971), 256 Ind. 603, 271 N.E.2d 133; *Sanchez* v. *State* (1971), 256 Ind. 140, 267 N.E.2d 374; *Throop* v. *State* (1970), 254 Ind. 342, 259

N.E.2d 875; *McGowan* v. *State* (1973), 156 Ind. App. 344, 296 N.E.2d 667; *Mentzer* v. *State* (1973), 156 Ind. App. 291, 296 N.E.2d 134; *Walker* v. *State* (1973), 155 Ind. App. 404, 293 N.E.2d 35.

From a consideration of the facts and circumstances, it is readily apparent that Officer Harmon had probable cause to believe that a felony had been committed and that Kissinger committed it. A reasonable and prudent person could appropriately deduce probable criminal activity when, after hearing a door slam at 5:00 A.M. at a closed restaurant, he saw two persons fleeing the scene. *See, e.g., Smith* v. *State, supra; Throop* v. *State, supra.*

The standard governing probable cause arrests does not require that the officer actually see the commission of the crime. Rather, the law requires sufficient sensory perception—i.e., sight, smell, hearing, etc.—to warrant a reasonably prudent person in believing that illegal conduct has occurred or is occurring. In the instant case, it is clear beyond conjecture that probable cause existed to believe a crime had been committed, and that appellant was a participant therein.

Even assuming arguendo that Kissinger's assertion were true—that probable cause did not exist for his arrest, his conviction must nevertheless be affirmed. Our Supreme Court in *Walker* v. *State* (1974), 261 Ind. 519, 307 N.E.2d 62, 64, recently reiterated the applicable law as follows:

> "Without passing upon the validity of the arrest, it was of no consequence except insofar as it might have produced evidence at the trial. In that event, such evidence would be properly suppressed, if the arrest had been illegally made. The illegality of the arrest, if it was in fact illegal, did not destroy the valid conviction. *Williams* v. *State* (1973), 261 Ind. 385, 304 N.E.2d 311. It did not affect the right of the State to try the case. *Bryant* v. *State* (1972), 257 Ind. 679, 278 N.E.2d 576. And it did not amount to a denial of due process. *Dickens* v. *State* (1970), 254 Ind. 388, 260 N.E.2d 578."

In the case before us, the incriminating evidence given by the arresting officer, both at trial and at the post-conviction

hearing, concerned his sensory perceptions prior to and contemporaneous with the arrest. Such testimony was not inadmissible. It was not evidence obtained *as a result* of the arrest. *See Williams* v. *State* (1973), 261 Ind. 385, 304 N.E.2d 311.

Judgment affirmed.

Buchanan and White, JJ., concur.

NOTE.—Reported at 315 N.E.2d 423.