Terry W. PURCELL, Appellant (Defendant Below),

v.

STATE of Indiana, Appellee (Plaintiff Below).

No. 3–1179A317.

Court of Appeals of Indiana, Third District.

March 30, 1981.

Terry E. Johnston, Valparaiso, for appellant.

Linley E. Pearson, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for appellee.

ON PETITION FOR REHEARING

STATON, Judge.

This Court affirmed the conviction of Terry W. Purcell for the offense of conversion. *Purcell v. State* (1980), Ind.App., 406

N.E.2d 1255. In that opinion, we decided a statement obtained in contravention of the *Lewis* mandates [1] could be used for the purpose of impeachment. In Purcell's petition for rehearing, he contends that this Court erred in not addressing the issue of "voluntariness." The *Lewis* mandates and the issue of voluntariness—though inherently intertwined [2]—involved two analytically distinct issues. In our opinion affirming Purcell's conviction, we limited our discussion to the issue of the admissibility. This opinion will analyze the issue of voluntariness.

The apparent thrust of Purcell's petition for rehearing is that a statement obtained in violation of *Lewis* is necessarily not a "voluntary" statement. This argument is clearly in error. As we stated in our original opinion, *supra*, 406 N.E.2d at 1259:

"*Lewis* prescribes in effect, therefore, the procedures to be used by police in implementing the *Miranda rights* to juveniles with respect to custodial interrogation."

■ The *Miranda rights* are guidelines and procedural mandates implemented as a prophylactic measure to prevent police abuses regarding custodial interrogations. *Michigan v. Tucker* (1974), 417 U.S. 433, 94 S.Ct. 2357, 41 L.Ed.2d 182; *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. In *Lewis*, the Court held that the rule instituted therein "lays down a concrete and specific procedure for the authorities to follow . . . ." 259 Ind. at 440, 288 N.E.2d at 143.

■ These procedural mandates are not of constitutional dimensions. *Michigan v. Tucker, supra; Miranda v. Arizona, supra.* Voluntariness, on the other hand, is of constitutional dimensions based upon the precept of due process of law. *Miranda v. Arizona, supra; Bram v. United States* (1897), 168 U.S. 532, 18 S.Ct. 183, 42 L.Ed. 568. *Miranda* and *Lewis* are procedural safeguards to help insure that statements are voluntary. A violation of *Miranda* is not synonymous with a violation of the

voluntariness standards. *Michigan v. Tucker, supra.* A statement may be inadmissible under *Miranda* even though "voluntary" under traditional analysis. *Michigan v. Mosley* (1975), 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313; *Miranda v. Arizona, supra; Mulry v. State* (1980), Ind.App., 399 N.E.2d 413 (specifically contrasting *Miranda* rights from "voluntariness" under Indiana law).

■ For a statement tainted by the failure to meet the requirements of *Miranda v. Arizona, supra,* to be used collaterally in a criminal trial, the tainted statement must be judged voluntary under due process standards. *Oregon v. Hass* (1975), 420 U.S. 714, 95 S.Ct. 1215, 43 L.Ed.2d 570; *Harris v. New York* (1971), 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1. The tainted statement is admissible for collateral use, "provided of course that the trustworthiness of the evidence satisfies legal standards." *Harris, supra,* 401 U.S. at 224, 91 S.Ct. at 645. As stated in *Mincey v. Arizona* (1978), 437 U.S. 385, 398, 98 S.Ct. 2408, 2416, 57 L.Ed.2d 290: "*[A]ny* criminal trial use against a defendant of his *involuntary* statement is a denial of due process of law . . . ." (original emphasis). To be admissible for impeachment purposes, the tainted statement must be voluntary in the sense of being "*the product of a rational intellect and a free will . . . .*" (original emphasis). *Id.* at 398, 98 S.Ct. at 2417; *Blackburn v. Alabama* (1960), 361 U.S. 199, 208, 80 S.Ct. 274, 280, 4 L.Ed.2d 242; *State v. Cooley* (1974), 162 Ind.App. 482, 486, 319 N.E.2d 868, 870.

■ Likewise, where a statement is tainted because of the failure to meet the requirements of *Lewis* and is offered for impeachment purposes, the statement must otherwise meet the legal standards of trustworthiness required for admissibility.

■ In our opinion affirming Purcell's conviction at Section II.A., Ind.App., 406 N.E.2d at 1259, we concluded:

---

1. *See, Lewis v. State* (1972), 259 Ind. 431, 288 N.E.2d 138; *Purcell v. State* (1980), Ind.App., 406 N.E.2d 1255, 1258–59.

2. *Id.*

"[S]tatements obtained in contravention of the mandates of *Lewis* cannot be used in the prosecutor's case in chief. If the juvenile defendant chooses to take the stand and testify, however, he does so with the risk of confrontation with any prior inconsistent statements including statements received in violation of the *Lewis* procedures."

We add to this conclusion the following statement: These prior inconsistent statements must, of course, otherwise meet the legal standards of trustworthiness required for admissibility.

Indiana has codified voluntariness determinations. Ind.Code §§ 35–5–5–1 to 5 (1976 & Supp.1980). Section 5 defines confession—as used under these provisions—in part, as "any self-incriminating statement." Thus, these provisions apply to the Purcell statement. *See Purcell v. State, supra,* Ind. App., 406 N.E.2d at 1258. Section 2 provides guidelines for the trial court in its determination whether a statement was made voluntarily:

"The trial judge in determining the issue of voluntariness shall take into consideration all the circumstances surrounding the giving of the confession, including but not limited to (1) the time elapsing between the arrest and arraignment of the defendant making the confession, if it was made after arrest and before arraignment, (2) whether such defendant knew the nature of the offense with which he was charged or of which he was suspected at the time of making the confession, (3) whether or not such defendant was advised or knew that he was not required to make any statement and that any such statement could be used against him, (4) whether or not such defendant had been advised prior to questioning of his right to the assistance of counsel, and (5) whether or not such defendant was without the assistance of counsel when questioned and when giving such confession. The presence or absence of any of the above mentioned factors to be taken into consideration by the judge need not

be conclusive on the issue of voluntariness of the confession."

Ind.Code § 35–5–5–2.

Purcell filed a motion with the trial court for the suppression of the statement here in issuing alleging—among other reasons—the statement to have been obtained contrary to *Lewis* and that it was not a voluntary statement. The trial court, in compliance with Ind.Code § 35–5–5–1, held a suppression hearing on the issue out of the presence of the jury. Prior to our reviewing the record of this suppression hearing, we note the recent statement by our Supreme Court on the proper standard of review:

"In determining whether a statement was voluntarily given we consider the surrounding circumstances . . . A statement must not be induced by any violence, threats, promises or any other improper influences . . . In viewing the voluntariness of a confession we do not weigh the evidence. If there is sufficient evidence to support the trial court, we will not disturb the ruling of admissibility."

*Turner v. State* (1980), Ind., 407 N.E.2d 235, 237 (citations omitted).

The trial court had the following evidence before it: (1) Purcell was 17 years old at the time of his arrest and the making of the statement here in issue. (2) Purcell had a seventh or eighth grade education. (3) The approximate elapse of time between Purcell's arrest and the making of the statement. Purcell was arrested in the early morning hours and made the statement that same morning sometime after 9:00 a. m. Purcell was not interrogated throughout the night but in fact spent the night in a jail cell. The interrogation did not start until sometime after 9:00 a. m. (4) Officer Untch testified that he spent 10 minutes reading Purcell his rights. After a statement of each right, officer Untch asked Purcell if he had any questions to which Purcell responded in the negative. Officer Untch testified that he used no threats nor made any promises. (5) Purcell testified that prior to his making the statement, no threats or promises were used by the police to obtain his statement. He also testified

that he was aware that he could stop at any time, but he continued of his own free will.

The trial court ruled in direct response to the motion for suppression based upon the *Lewis* and voluntariness issues. It ruled that the statement could not be used as substantive evidence by the State since the *Lewis* mandates were violated. However, the trial court also ruled: "I do not find that under these circumstances that the statement as given is so unreliable as to make it unusable for impeachment purposes."

■ The record provides sufficient evidence to support a finding that the statement was the product of a "rational intellect and a free will." Thus, there was sufficient evidence to support the trial court's ruling.

■ In our opinion affirming Purcell's conviction at Section II.B., Ind.App., 406 N.E.2d at 1259, we stated:

"Whether to admonish the jury is within the trial court's discretion and reversible error will be found only where the defendant demonstrates that the trial court's failure to admonish the jury placed the defendant in a position of grave peril ... We note that officer Untch's testimony was properly admitted and that we are not confronted with error in the presentation of evidence where the admonishment of the jury would be the normal procedure ... Although the better procedure might have been to inform the jury of the limited purpose of officer Untch's testimony, the failure to do so cannot be considered an abuse of the trial court's discretion which placed Purcell in a position of grave peril." (citations omitted).

We now state categorically, the better procedure *is* to admonish the jury regarding the limited purpose of the statement. Statements obtained in contravention to the mandates of *Lewis* may be used only for the purpose of impeachment, and the jury should be so admonished at the time the statement is introduced.

In summary, where the trial court determines that the statement in issue was obtained in violation of *Lewis*, the trial court may allow the statement to be admitted for the purpose of impeachment if the statement otherwise meets the legal standards necessary for its admission. If the statement meets those standards and is to be admitted for the purpose of impeachment, the jury should be admonished regarding the limited purpose of the statement at the time the statement is introduced.

Petition for rehearing denied.

GARRARD, J., concurs.

HOFFMAN, P. J., concurs in result with opinion.

## ON PETITION FOR REHEARING

HOFFMAN, Presiding Judge, concurring.

In concur in result and wish to point out that if it was error not to admonish the jury regarding the limited purpose for which the prior inconsistent statement was admitted. Such error was corrected by Final Instruction No. 7 which reads:

"There has been evidence introduced that the defendant, Terry Purcell, may have made prior statements which were inconsistent or contradictory to his sworn testimony in court. The defendant's prior statements were ruled as inadmissible as evidence against the defendant. The Court has ruled that said statements may be used to show that the defendant, Terry Purcell, may have made a prior inconsistent statement so that the jury may weigh the defendant's credibility and the prior statements are not to be considered as evidence of the defendant's guilt."